IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1876, IN THE SIXTIETH
YEAR OF THE STATE.

———————

### EVANS v. WHITE, ADMINISTRATOR.

PLEADING.—*Immaterial Matter.*—A complaint in which facts constituting a
cause of action have been alleged cannot be made stronger by an aver-
ment that the defendant represented the facts to be as so alleged, and
such an averment may be struck out as immaterial on motion.

SAME.—*Duplicity.*—Material matter which renders a pleading double
should be struck out on motion.

MORTGAGE.—*Acceptance of*—A mortgage does not become a lien until the
date of its acceptance by the mortgagee or his agent for him.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson,* for appellant.

*D. Moss,* for appellee.

DOWNEY, C. J.—Suit by the appellant against the appel-
lee, involving a question of priority of lien between the par-
ties upon certain real estate. The complaint was in three
paragraphs. A part of the second paragraph was struck out
on motion of the defendant, and the plaintiff excepted.

The defendant answered in two paragraphs, to the second of which a demurrer was sustained.

There was a trial by the court, and, at the request of the plaintiff, a special finding and conclusions of law, which were in favor of the defendant. The plaintiff excepted to the conclusions of law. Final judgment for the defendant. The errors assigned are, that the court improperly struck out a portion of the second paragraph of the complaint, and erred in the conclusions of law.

The second paragraph of the complaint, as originally filed, alleged that the plaintiff was the owner of several tracts of land, which are particularly described in the complaint; that he derived title thereto as follows: On the 16th day of March, 1871, Daniel Stanton recovered a judgment in the Hamilton Circuit Court against John F. McClellan, then the owner of the lands; that on the 4th day of October, 1871, an execution was issued on such judgment, which was, on the same day, levied on the real estate; that it was duly advertised for sale on the 6th day of January, 1872; that said real estate was, on that day, sold by the sheriff to said Daniel Stanton for seven hundred and ninety-four dollars and twelve cents, and a certificate of purchase given to him; that on the 17th day of March, 1871, in an action in said court, in which John F. McClellan was plaintiff, and this plaintiff was defendant and cross complainant, this plaintiff sued out an attachment against the property of said McClellan; the sheriff seized said lands; and by the consideration and judgment of said court the plaintiff recovered a personal judgment, on the —— day of September, 1871, against said McClellan, for two thousand nine hundred and sixteen dollars and thirty-three cents; that at the March term, 1873, the said lands so attached were ordered to be sold to satisfy said judgment; that, to make any part of such judgment of said Stanton, he purchased said lands from him for nine hundred dollars, and took an assignment of said certificate of sale from said Stanton on the 28th day of October, 1872, and afterwards, more

Evans *v.* White, Administrator.

than a year from the time of said sale, accepted from the sheriff a deed for said lands; and on the 5th day of April, 1871, the said John F. McClellan, in order to wrong and defraud the said Stanton and this plaintiff out of the collection of said judgments, made and executed to the defendant, Tilburn White, as guardian, etc., a mortgage on the same lands, to secure, as stated in the mortgage, four promissory notes, amounting to nine hundred and fifty dollars, and antedated the same as of the 28th day of January, 1871; THAT on said 5th day of April, the said Tilburn White, who was guardian, etc., notified this complainant that he, said guardian, had, on that day, taken and accepted said mortgage for his said wards, and that it was junior to the attachment suit aforesaid and junior to the said Stanton's judgment, and that if said attachment proceedings were sustained, his said mortgage would be subject to the prior lien of the same; that this complainant believed and relied on said statement, and was thereby induced to prosecute his said attachment to final judgment and to purchase the said lands as above averred and pay out his money thereon in the sum of one thousand DOLLARS. It is then alleged that Milton Simms, one of the wards, having arrived at full age and become the sole owner of all the notes described in said mortgage, procured a judgment to be rendered in said court, declaring that the mortgage was executed on the 28th day of January, 1871, and thus declaring that the mortgage became a lien on said land more than two months before its execution. The plaintiff therefore says that the said mortgage was fraudulent and void as against him and as against Stanton; but the same and the judgment thereon constitute an apparent lien prior to said judgment, etc.; wherefore, etc.

The part of the paragraph struck out is that commencing with the word "that" in small capitals, and ending with the word "dollars," indicated in the same way. The ground of the motion to strike out was, that the matter pointed out was irrelevant and immaterial. We cannot say that there was any error in this ruling. The substance of the paragraph is,

that the mortgage was given a false date, so as to make it apparently a lien prior to the judgment and attachment under which the plaintiff claims title. A representation by the defendant that such was the fact does not, it seems to us, make the cause of action any stronger. If we are mistaken in this, still it was not error to strike the matter out of the pleading. If it was material, then it rendered the pleading double, and was, for that reason, properly struck out. 2 G. & H. 102, sec. 77; *Johnson* v. *The C. F., etc., Co.*, 11 Ind. 280.

The court found that on the 16th day of March, 1871, one Daniel Stanton recovered judgment in that court against the mortgagor, John F. McClellan, in the sum of seven hundred and ninety-four dollars and twelve cents; that he afterwards sued out execution on said judgment and had the same levied on the lands described in the mortgage; that the sheriff of that county duly and legally sold the same at sheriff's sale to said Daniel Stanton, on the 6th day of January, 1872, for the sum of seven hundred and ninety-four dollars and twelve cents, and that said Daniel Stanton, soon after said sale, sold and assigned his certificate of purchase for said lands to the plaintiff for one thousand dollars, and, after the expiration of one year from the time of the sheriff's sale, the sheriff made the plaintiff a sheriff's deed for the lands in due form of law; that on the 17th day of March, 1871, the plaintiff herein obtained a lien on said lands in the sum of two thousand nine hundred and thirty-three dollars and sixteen cents, by certain attachment proceedings then begun by him in this court against said mortgagor, which yet remains due and unpaid, and has been reduced to a judgment in this court; that said John F. McClellan became the owner of the lands in question described in the mortgage, on the 30th day of January, 1871; that the mortgage made by him to the defendant was dated January 28th, 1871, and purports to be signed by him on that day; that it was signed by him in the office of Moss & Trissal, who were the defendant's agents to procure the same and accept it; that

the notes secured by the said mortgage also purport to be dated on the 28th day of January, 1871; that said notes and mortgage were actually signed by said McClellan in February, 1871, from the 1st to the 5th day of the month, and that during said month of February, 1871, the said Moss & Trissal exhibited said mortgage to the defendant, who is the mortgagee, and he directed them to get it acknowledged, that he thought it was not legal until it was acknowledged; that afterwards, on the 4th day of April, 1871, the said John F. McClellan placed upon the mortgage the proper United States revenue stamp, and on the day following acknowledged the execution of the same before a notary public in due form of law, and that the defendant, the mortgagee therein named, then took said mortgage from his said agents, Moss & Trissal, and had it recorded, and on that day, to wit, April 5th, 1871, informed the plaintiff herein that he had, on that day, accepted this mortgage, and that it was junior to the said attachment lien of the plaintiff in the event said attachment was sustained.

The conclusion of law by the court was, that the defendant was entitled to recover, and was entitled to his costs.

We do not think that there was a delivery and acceptance of the mortgage until the 5th of April, 1871. It is true that the court finds that Moss & Trissal were the agents of the mortgagee to accept the mortgage, but it does not appear that they ever accepted it for him. On the contrary, the mortgagee stated, on the 5th of April, that he had on that day accepted it. If his agents had previously accepted it for him, this statement would not have been true. The fact that the mortgagor did not stamp the mortgage until the 4th of April is a circumstance tending to show that it had not been delivered prior to that date. The mortgagee expressly admitted that the mortgage was junior to the attachment lien of the plaintiff. He would not have made this statement, if he or his agents for him had previously received the mortgage. We think the conclusion of law of the court was erroneous.

The judgment is reversed, with costs; and the circuit court is instructed to render judgment for the plaintiff upon the facts found.