Filed Oct. 18, 1883.

———◆———

No. 10,507.

EATON v. McKAHAN ET AL.

CHATTEL MORTGAGE.—Recording.—A chattel mortgage does not take effect until it is accepted by the mortgagee, and if recorded within ten days from such acceptance, it is sufficient under the statute, R. S. 1881, section 4913.

From the Hamilton Circuit Court.

D. Moss, R. R. Stephenson and W. S. Christian, for appellant.
R. Graham and J. F. George, for appellees.

BICKNELL, C. C.—The appellant, plaintiff below, sold a steam engine to the defendant Tyner, and took a mortgage thereon to secure the price. The mortgage was dated and acknowledged on the 25th of April, 1882, but was not recorded until the 15th of May, 1882. The property remained in the possession of the mortgagor.

In such a case a chattel mortgage is void as to third persons. R. S. 1881, section 4913.

The defendant McKahan had a judgment against Tyner on which he issued execution, and the defendant Bolton, a constable, had levied that execution on the engine and had advertised it for sale.

The defendant Seemans, as sheriff, also held an execution against Tyner, and was threatening to levy upon the engine. These executions were of later date than the mortgage.

The plaintiff filed his complaint against said defendant, stating the foregoing facts and alleging that, although " the mortgage was signed by said Tyner and placed in the plaintiff's hands on April 25th, 1882, yet the plaintiff, by reason of certain defects and omissions therein," did not accept it until May 6th, 1882; that he then accepted it, and afterwards, on May 15th, 1882, had it duly recorded.

A temporary restraining order was made forbidding any sale or offer for sale of the engine, otherwise than subject to the mortgage.

A demurrer to the complaint, for want of sufficient facts, was sustained; a motion by plaintiff to reinstate the restraining order was overruled; judgment was rendered for the defendants upon the demurrer, and the plaintiff appealed, assigning these rulings as errors.

Merely signing an instrument is not a delivery of it; there is no delivery without acceptance. *Evans* v. *White*, 53 Ind. 1.

The demurrer admitted the facts stated in the complaint. It therefore admitted that the mortgage was not accepted until May 6th, 1882, and that it was recorded on the 9th day thereafter. The mortgage was, therefore, valid as against the executions mentioned in the complaint, and the court erred in sustaining the demurrer to the complaint.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the

same is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to overrule the demurrer to the complaint, and to reinstate the restraining order.

Filed Oct. 17, 1883.