THE STATE OF IOWA v. ROBERT SCHWAB, Appellant

Assault to Commit Manslaughter:    EVIDENCE. Accused met the prosecuting witness and his brother, and rode home with them. On reaching his destination accused claimed to have missed his money, and walked back to prosecuting witness's home, and, without saying anything about the money, pointed a gun at prosecuting witness. Accused claimed that he intended only to frighten prosecuting witness into giving the money up, though he admitted he had no reason to believe he had taken it. *Held,* to sustain a conviction of assault with intent to commit manslaughter.

Review on Appeal:    CRIMINAL CASE. *Confined to argument.* On appeal in a criminal case the supreme court will give attention only to the matters presented in argument by accused's counsel.

*Appeal from Sac District Court.*—HON. Z. A. CHURCH, Judge.

TUESDAY, JANUARY 15, 1901.

DEFENDANT was convicted of the crime of assault with intent to commit manslaughter, and appeals therefrom.— *Affirmed.*

*C. R. Metcalf* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

WATERMAN, J.—Defendant was indicted for the crime of assault with intent to commit murder, and found guilty of the included offense of assault with intent to commit manslaughter. The complaint made here in his behalf is that the evidence does not sustain the verdict. The facts, in the main, are not disputed. Defendant met the prosecuting witness, Miles, and the latter's brother, near Grant City. They were riding in a buggy. He asked and obtained permission to ride with them to Auburn. The three rode together as far as Grant City, which was the home of the prosecuting witness, who then alighted. The other two men drove on to Auburn. While in the town of Auburn, defendant claims to have discovered that his money—some $75—was missing. He walked back to Grant City, went to the home of the prosecuting witness, entered, and took a chair. Nothing was said about the money. After a few moments, Miles' daughter exclaimed, "Pa, that man has a gun." Miles turned around, and discovered that defendant had a revolver pointed at him. He caught defendant's hand, and the pistol was discharged. Defendant had been drinking, but was not much intoxicated. He claims that he did not intend to shoot, but only to frighten or force Miles into giving up his money. But at the same time he admits he had no reason to believe that Miles had taken it. He says he thought Miles might know where it was. It is claimed the evidence does not warrant a finding of any more serious offense than the misdemeanor of pointing a pistol at another. The pistol was loaded. The inference is that defendant knew this fact, and this inference is not rebutted. It was cocked, and ready to fire, when pointed, for it exploded when Miles

caught defendant's hand. Defendant's statement of what he intended is not conclusive of that fact. The jury had a right, in reaching a conclusion on this question, to consider all the circumstances of the transaction; and these are consistent only with the conclusion that he intended to shoot. In our disposition of the case we have given attention to all matters presented in argument by counsel for appellant. More than this we do not feel called upon to do, when a defendant appears by counsel, and argues his case in this court. The cases in which we have heretofore held that this court must examine the whole record in order to determine whether the judgment rendered has support are where either there was no appearance for defendant on appeal, or else no argument was made in his behalf. Certainly a criminal defendant may waive error on appeal. He does so in every instance where an exception is not taken below. *State v. Hathaway,* 100 Iowa, 225. Where an argument is filed in this court, we must assume that all the matters relied upon by defendant are presented, or at least referred to, in it.—AFFIRMED.