## WESTERN UNION TELEGRAPH COMPANY *v.* McCLELLAND.

[No. 5,729.    Filed October 5, 1906.]

1. PLEADING. — *Complaint.* — *Telegraphs and Telephones.*—*Messages.*—*Discrimination.*—A complaint against a telegraph company showing that it acted in bad faith, with negligence, partiality and discrimination, and neglected to transmit plaintiff's message in the order in which it was received, sufficiently shows a violation of the statute (§5511 Burns 1901, Acts 1885, p. 151, §1) requiring messages to be transmitted impartially.  p. 583.

2. SAME.—*Complaint.*—*Telegraphs and Telephones.*—*Messages.*— *Wilful Failure to Transmit.*—*Negligence.*—A complaint to recover the penalty provided by statute (§5512 Burns 1901, Acts 1885, p. 151, §3) for failure to deliver a telegraph message, which alleges negligence and wilfulness as the cause of such failure, is sufficient, since a failure from either cause renders the company liable.  p. 583.

Western Union Tel. Co. *v.* McClelland—38 Ind. App. 578.

3. PLEADING.—*Duplicity.—Motion to Paragraph.—Striking Out.*—A motion to paragraph or strike out is the proper remedy for a complaint which is bad for duplicity. p. 583.

4. TELEGRAPHS AND TELEPHONES.—*Messages.—Duty to Transmit.*—It is the duty of a telegraph company under §5511 Burns 1901, Acts 1885, p. 151, §1, to transmit messages (1) impartially, (2) in their order as received and (3) without discrimination or conditions of service. p. 583.

5. APPEAL AND ERROR.—*Briefs.—Waiver.*—Failure to discuss an alleged error in the brief on appeal waives such error. p. 584.

6. STATUTES. — *Penalties. — Construction.* — Penal statutes are strictly construed, but the whole statute must be considered. p. 585.

7. TELEGRAPHS AND TELEPHONES.—*Messages.—Emergencies.*—A message in form: "Send wagons to Clayton for corpse. No. 43 goes over the Van," addressed to a bus man, shows on its face that an emergency exists to transmit it. p. 585.

8. SAME. — *Messages.—Transmission.—Overcharge.—Discrimination.*—An emergency message received at Indianapolis and not transmitted to its destination at Danville, 20 miles away, for two hours, and for which an excessive charge was paid, is, both in delay and overcharge, a violation of §5511 Burns 1901, Acts 1885, p. 151, §1, requiring messages to be transmitted without discrimination. p. 586.

9. TRIAL. — *Telegraphs and Telephones. — Failure to Transmit Messages.—Defense.—Burden of Proof.*—The burden is upon the telegraph company to prove that an apparently unreasonable delay in transmitting a telegram was caused by the transmission of other prior messages. p. 586.

10. SAME.—*Instructions.—Telegraphs and Telephones.—Failure to Transmit.*—An instruction, in an action to recover a penalty for the violation of §5511 Burns 1901, Acts 1885, p. 151, §1, that if plaintiff failed to show that defendant telegraph company set aside plaintiff's message and sent subsequently received messages ahead of it, the verdict should be for defendant, is erroneous. p. 586.

11. EVIDENCE.—*Failure to Produce When Within Party's Control.—Presumptions.*—Where a party fails to produce evidence peculiarly within his control, the presumption is that, if produced, such evidence would be against him. p. 587.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Action by Charles F. McClelland against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Chambers, Pickens, Moores & Davidson, George H. Fearons* and *Otis E. Gulley,* for appellant.

*Thad. S. Adams, George W. Brill* and *George C. Harvey,* for appellee.

WILEY, J.—Action by appellee to recover from appellant the statutory penalty for failure to transmit a telegraph message delivered to it.

The complaint, which is in a single paragraph, was held good as against a demurrer. Answer in denial, trial by jury, verdict and judgment in favor of appellee for $100. Two questions are presented and discussed: (1) The complaint is insufficient; (2) the motion for a new trial was improperly overruled.

The complaint avers that appellee was a funeral director, and had been engaged to meet, in Indianapolis, a party from Asheville, North Carolina, take charge of a corpse, accompany it by train to Danville, Indiana, where appellee resided, and had his place of business, and convey the corpse to the home of the father of the deceased. It is averred that appellant owned and operated a telegraph line between Indianapolis and Danville, and was engaged, for hire, in receiving and transmitting by wire telegraph messages; that at both of said places appellant maintained public offices and places of business, for receiving and transmitting messages; that appellee had been requested and engaged to accompany said corpse from Indianapolis to Danville on what was known as train No. 43, on the "Big Four railroad," which was scheduled to arrive at the latter place shortly after midnight; that he had arranged to have all necessary conveyances at the station on the arrival of the train to convey the funeral party to the residence of the deceased's father; that just before the time for said train to leave for Danville he was notified that, on account of "washouts" on said railroad, trains could not run on it, and that it would be necessary to transfer said funeral party to the Vandalia train to be taken to Clayton, which

is about six miles from Danville; that about 12:10 a. m. of March 20, 1904, before transferring said party to the Vandalia train, he delivered to appellant's agent and operator at its office and place of business in Indianapolis a written message, as follows:

> "Union Station, Indianapolis, Indiana.
> 3-20-1904.
> To McClelland's Bus Man,
> Danville, Indiana.
> Send wagons to Clayton for corpse. No. 43 goes over the Van. Charles F. McClelland."

It is further averred that appellee then and there notified appellant's agent that the bus man to whom the message was addressed, and other persons, were then waiting at appellant's office and place of business at Danville, for orders and instructions as to what place they should meet appellee and said funeral party; that he then and there paid appellant's agent thirty-five cents, whereupon appellant undertook and agreed promptly to "transmit and deliver said message;" that appellee and said funeral party arrived at Clayton about 1 o'clock a. m. of said day; that they were compelled to wait and remain on the streets and platform, exposed to the inclement winter weather, for three hours, on account of the nonarrival of appellee's bus man with the necessary conveyances, etc. The complaint concludes with the following averment: "And plaintiff says that notwithstanding the aforesaid contract and agreement promptly to transmit and deliver the above message, and notwithstanding it was also its legal duty promptly and without delay to deliver said message, on account of its being an emergency message, as disclosed upon its face, said defendant, acting with bad faith, negligence, partiality and discrimination against this plaintiff failed and neglected to transmit and deliver said message in the order of time in which the same was received, and wilfully and purposely postponed the transmission and delivery of said message,

out of its order, for about three hours' time, during all of which time the plaintiff's bus man, to whom said message was addressed, and the friends and relatives awaiting the arrival of said funeral party, as aforesaid, were waiting in the defendant's office and place of business, in the town of Danville, Indiana, and in the immediate presence, and holding conversations with, the defendant's agent and operator. And that said defendant wrongfully, negligently, with partiality and discrimination, withheld said message for about three hours' time before delivering the same to the plaintiff's bus man, as aforesaid." The prayer of the complaint is that appellee have judgment for $100, "the statutory penalty in such cases."

The action is based upon §§5511, 5512 Burns 1901, Acts 1885, p. 151, §§1, 3. The former section provides: "That every telegraph company with a line of wires wholly or partly in this State, and engaged in doing a general telegraphic business, shall, during the usual office hours, receive dispatches, whether from * * * or individuals, and shall, upon the usual terms, transmit the same with impartiality and in good faith, and in the order of time they are received, and shall in no manner discriminate in rates charged, or words or figures charged for, or manner or difference of service between any of its patrons, but shall serve individuals, corporations and other telegraphic companies with impartiality." The latter section prescribes a penalty for violating the former.

Two objections are urged to the complaint: (1) It is insufficient because it failed to allege an omission to transmit the dispatch in the order of time in which it was received with reference to the receipt and transmission of other dispatches handled by appellant at the same office; (2) the complaint proceeds upon inconsistent theories, because it pleads a "wilful wrongdoing and negligence in the same paragraph."

The first objection is not well grounded, for there is a positive averment that appellant acted with bad faith, negligence, partiality, and discrimination against appellee, and neglected to transmit and deliver the message "in the order of time in which the same was received, and * * * postponed the transmission and delivery of said message out of its order," etc.

As to the second objection, it is sufficient to say that the complaint does not proceed upon inconsistent theories, for the theory of the complaint is to recover a penalty for appellant's violation of the duties laid upon it by statute. Whether it violated that duty by reason of wilfulness, discrimination, or negligence can make no difference. If the complaint is bad for duplicity, the way to remedy the defect is either by motion to strike out or to separate the causes of action into paragraphs. *Rogers* v. *Smith* (1861), 17 Ind. 323, 79 Am. Dec. 483; *Evans* v. *White* (1876), 53 Ind. 1; *Hendry* v. *Hendry* (1869), 32 Ind. 349; *Barnes* v. *Stevens* (1878), 62 Ind. 226.

In *Western Union Tel. Co.* v. *Ferguson* (1901), 157 Ind. 37, it was held that a breach of statutory duty results from the failure, whether intentional or otherwise, to transmit messages in the order of time in which they are received.

A telegraph company is required by the statute to receive and transmit dispatches: (1) With impartiality and good faith; (2) in the order of time in which they are received; (3) without discrimination or conditions of service. The failure to discharge any of these duties subjects the company to the penalty in favor of the aggrieved party.

In *Western Union Tel. Co.* v. *Braxtan* (1905), 165 Ind. 165, it was held: "The suggestion that 'discrimination' and 'partiality,' as used in the statute, imply wilfulness and

positive wrongdoing on the part of the company, as grounds for the penalty, is without substance, because the failure to deliver a dispatch in the order of time in which it is received may occur from carelessness, as well as from wilfulness, and the consequences to the sender are precisely the same." The complaint charging a dereliction of a statutory duty, in the substantial language of the statute prescribing that duty, is not subject to the objections urged, and the demurrer to it was properly overruled.

By its motion for a new trial appellant presented a number of questions for the consideration of the trial court, but has waived its right to have many of them decided

5.    on appeal by its failure to discuss them. The only questions presented by the motion and discussed by counsel are that the evidence is insufficient to support the verdict, and that the court erred in giving one instruction on its own motion and in refusing to give one tendered by appellant.

The point of contention on the part of appellant is that the evidence shows that the dispatch was delivered with reasonable promptness, and that the evidence fails to show that it was not delivered in the order of time in which it was received. The evidence shows that the message was delivered to appellant's agent and operator at the Union Station at Indianapolis a few minutes before midnight; that appellee explained to him its urgency, and told him his "bus man" would be at the station at Danville to receive it. The bus man was at the station at Danville at 12 o'clock, and waited there until about 2 o'clock, when the message was delivered to him. It took an hour to drive to Clayton. The operator at the Union Station had to send the message to the main office in Indianapolis, from whence it had to be transmitted to Danville. It was stipulated by the parties, as a part of the evidence, that the message sent from Indianapolis to Danville arrived at its destination

practically instantaneously after it was placed on the wire. Appellee testified that he paid appellant's agent at the Union Station thirty-five or thirty-eight cents for sending the message, and that after the agent handed him the change he "pushed the telegram off to one side and leaned back in his chair and picked up a paper or book or something." He also testified that he thought the agent was reading. The evidence further developed the fact that the regular rate for sending a message of ten words or less from Indianapolis to Danville was twenty-five cents, and two cents a word for each additional word. The telegram consisted of twelve words, and hence the regular rate would have been twenty-nine cents. Appellant's agent did not deny appellee's statement that he paid him thirty-five or thirty-eight cents for sending the message.

From these facts we must determine whether appellant is liable to appellee for the statutory penalty. This being a penal statute it must be construed strictly; but to

6. do this, as was held in *Western Union Tel. Co.* v. *Ferguson, supra,* we are not required to "gaze fixedly upon a single phrase and be oblivious to the act as a whole. * * * But, in construing it strictly, regard should be had for the clear letter of the statute."

The message which appears in the record was one of emergency, and it clearly appears so upon its face. Not only that, but appellant's receiving agent was advised

7. by appellee of that fact. As to messages of this class it was said in the syllabus to *Reese* v. *Western Union Tel. Co.* (1890), 123 Ind. 294, 7 L. R. A. 583: "When the importance of a telegraph message appears on its face the company will be held to have notice of the urgency for its delivery, and to have contracted with reference to it. It is the duty of the company under such circumstances to make prompt and reasonable effort to deliver the message to the person to whom it was addressed, and failing to do so the company will be guilty of negligence."

The message was not delivered to the addressee for two hours after it was received by the company. It was urgent, and the appellant was advised of that fact. The evidence shows that the message would be received at Danville almost instantly from the time it was put upon the wires in Indianapolis, and that an excessive rate was charged and paid. This evidence sustains the verdict and judgment. The excessive charge, if nothing else, was a discrimination against appellee, under the statute. We think that the facts before us show an unreasonable delay in transmitting the dispatch.

This being true, it was not incumbent upon appellee to show, as contended by counsel for appellant, that other messages for Danville were received at the appellant's Indianapolis office and forwarded before the one sent by him, for the law places that burden upon appellant. *Julian* v. *Western Union Tel. Co.* (1884), 98 Ind. 327.

The sixth instruction tendered by appellant and refused by the court was to the effect that if the evidence failed to show that appellee's message was set aside, and other messages from Indianapolis to Danville, which were received after appellee's message, were forwarded or delivered before it, then the verdict should be for the defendant. This instruction does not correctly state the law, and was properly refused. See the following authorities: *Julian* v. *Western Union Tel. Co.*, *supra; Telegraph Co.* v. *Griswold* (1881), 37 Ohio St. 301, 41 Am. Rep. 500; *Bartlett* v. *Western Union Tel. Co.* (1873), 62 Me. 209, 16 Am. Rep. 437; *Baldwin* v. *United States Tel. Co.* (1871), 45 N. Y. 744, 6 Am. Rep. 165; *Turner* v. *Hawkeye Tel. Co.* (1875), 41 Iowa 458, 20 Am. Rep. 605; *Western Union Tel. Co.* v. *Meek* (1874), 49 Ind. 53.

The sixth instruction given by the court, to which appellant excepted, was as follows: "If a party to a suit has

evidence peculiarly within his own knowledge and 11. does not produce it, the presumption is that if it were produced it would be against him. This rule of law applies alike to civil as well as criminal cases." This instruction correctly states an abstract proposition of law, and the objections urged against it are not well founded.

Judgment affirmed.