STATE OF IOWA, Appellee, v. G. L. HARRIS, Appellant.

ROBBERY: Instructions—Recent Possession of Property.  Possession
of property which was recently obtained by means of a robbery
does not justify an instruction to the effect that the one in posses-
sion must assume the *burden* of showing the ''honesty'' of his pos-
session, or rest under the presumption of guilt of the robbery.

*Appeal from Harrison District Court.*—J. B. ROCKAFELLOW,
Judge.

DECEMBER 15, 1922.

THE defendant was convicted under an indictment charg-
ing the crime of robbery by him, in confederation with his three
codefendants. He appeals.—*Reversed and remanded.*

*Robertson & Havens,* for appellant.

*Ben Gibson,* Attorney-general, for appellee.

EVANS, J.—On Sunday night, August 29, 1920, in Har-
rison County, Iowa, a robbery was committed by the codefend-
ants of defendant Harris.   The occupants of a road-grading
camp were the subjects of the robbery.   This defendant's par-
ticipation therein, if any, was as driver of the automobile which
brought the active perpetrators from Omaha to the place of
the robbery, and which carried them back after the perpetra-
tion thereof.   For aught that appears in the record, Harris
never had any acquaintance with any of the codefendants prior
to that day when they employed him to transport them.   On the
way to the place of the robbery, they came to the town of Mis-
souri Valley, and were there joined by two other confederates.

These two actively participated with the other three codefendants in the robbery. Harris was a resident of Omaha, a carpenter, engaged daily in the work of his trade, and of good previous reputation. His contention at the trial was that he knew nothing of the purpose for which he was transporting the men, and had no suspicion that they were contemplating any unlawful act until after the robbery was perpetrated and they came running from the place thereof to the automobile where he was, and directed him hurriedly to make speed in his return. These directions were complied with by him. The two confederates who joined them at Missouri Valley left them at the same place, and Harris proceeded with his three codefendants toward Omaha. They were intercepted at Council Bluffs, and placed under arrest. At the time of the arrest, Harris had in his possession a watch which had been taken in the robbery from the person of one of the victims. His explanation of his possession was that the watch had been handed to him by one of his codefendants for use on the return trip. The one question in the case is, Was Harris cognizant of the unlawful purpose of his codefendants in making their trip to the road camp, and did he thereby and in that sense become a participator in the robbery? Many errors are assigned and argued by the appellant. We shall have occasion to consider only one of them.

I. In Instruction V, the court charged the jury as follows:

"Where a defendant in a criminal proceeding is shown by the evidence to be in the possession of property recently stolen from another, the burden rests upon him to show that he came into the possession of such property honestly, and in the absence of such explanation, he may be presumed to be the guilty person."

The correctness of this charge is challenged. It must be conceded that the instruction cannot be sustained. It is the rule in a prosecution for larceny that proof of defendant's possession of recently stolen property, where such possession is unexplained, constitutes sufficient prima-facie evidence to warrant the jury in finding the defendant guilty of the larceny. It is also true that, where it appears that such larceny must have been committed in connection with a burglary or a robbery, then such unexplained possession is also sufficient prima-facie

proof to warrant a conviction of burglary or robbery, as the case may be. It is not correct to say that any *burden* of proof is cast upon the defendant. Such an instruction implies a legal presumption of guilt obligatory upon the jury, if the defendant fail to meet the burden thus cast upon him. Nor was it proper to fix *honesty* of acquisition of the possession of the property as a standard of explanation sufficient to rebut the prima-facie case. If the defendant's explanation should show that he acquired his possession in a manner independent of the facts charged in the indictment, and consistent with his innocence thereof, it would be a sufficient explanation for the purpose of his defense, even though it were tainted with other dishonesty. These features of the instruction were fully considered and discussed in *State v. Brady*, 121 Iowa 561. We have no occasion to repeat the discussion therein had. For the reason here indicated, a new trial should have been granted. The judgment of conviction is accordingly reversed, and the cause remanded.— *Reversed and remanded.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.