STATE OF IOWA, Appellee, v. A. D. JACKSON, Appellant.

MARCH 6, 1928.

*J. B. Morris* and *E. D. Marshall,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Mason Ladd,* Assistant County Attorney, for appellee.

KINDIG, J.—After being duly indicted, the defendant appellant was tried to a jury, under a plea of ''not guilty,'' and convicted, upon sufficient evidence to sustain the verdict. In fact, he admitted having possession of at least some of the stolen

merchandise, but claimed that he did not know from where it came, explaining that the personal property was delivered into his custody by one Henry Thomas, who, it was asserted, "broke" into and "entered" the store and feloniously took the goods therefrom.

I. Objection is made to the introduction of evidence and certain charges submitted by the court to the jury thereunder.

 However, no exceptions were taken by the defendant to either. Therefore, he cannot complain thereof here; so there is nothing for us to consider in this regard. We said in *State v. Vandewater*, 203 Iowa 94:

"The record of the trial is lacking in proper exceptions to evidence and instructions, and the instant motion for new trial did not serve the function of an exception. The defendant in a criminal case waives error on appeal in every instance where a proper exception is not taken below. *State v. Schwab*, 112 Iowa 666. Counsel in a criminal case is under obligation to make his objections as specific and definite as is required in a civil case, in order to present a question of law for consideration upon appeal. *State v. Barr*, 123 Iowa 139."

II. Complaint is next made because the court gave the jury the following instruction:

"In this connection you are instructed that the unexplained possession of property recently stolen, taken in connection with the proof of the wrongful taking and carrying away, tends to establish the guilt of the person in whose possession the property is found, and is a circumstance pointing to the guilt of the accused, and is sufficient to support a verdict of guilt, unless from the explanation given by the defendant of such possession of said property, if he was in possession thereof, and all the attendant facts and circumstances·on the whole case, you entertain a reasonable doubt of the guilt of the defendant."

Basis for this "objection" is founded upon the rule announced in *State v. Shaffer*, 59 Iowa 290, 292, *State v. Brady*, 121 Iowa 561, and *State v. Harris*, 194 Iowa 1304. Those decisions determine a principle not violated in the "instruction given" by the trial court here. To illustrate, in *State v. Harris*, supra, the court told the jury "the burden rests upon him [the

594

defendant] to show that he came into the possession of such property honestly * * * ." And likewise, in the *Brady* and *Shaffer* cases, the "burden of proof" was cast upon the defendant.

That was not done in the case at bar, but rather, such "burden" was confined to the State, and the jury were told that, in the sovereign's attempt to furnish the proof, assistance therein could be found in the circumstance concerning the possession of recently stolen property, while the reasonable-doubt rule was preserved. This is in harmony with the theory explained in *State v. Fortune*, 196 Iowa 995, where it was aptly said:

"In the instant case the jury was instructed, in substance, that the possession of goods recently stolen from a building by breaking and entering, without reasonable explanation that the goods were obtained otherwise than in the commission of the crime of breaking and entering, is sufficient evidence to warrant the conclusion that the person having such possession is the person who broke and entered the building, unless the evidence showing such possession and the other facts and circumstances, as disclosed by the evidence, create a reasonable doubt whether the person so having possession of said goods came into the possession of same otherwise than by the breaking and entering of the building in which such goods were kept. * * * The recent possession by the defendant of goods taken from a building feloniously broken and entered is an evidential fact, and unless the evidence in relation to that possession and the explanation thereof creates a reasonable doubt of the defendant's guilt, a jury is justified in returning a verdict of guilty. In other words, if the evidence shows beyond a reasonable doubt that the goods, wares, and merchandise in question were taken at the time of the breaking and entering, and that said goods were recently in the possession of the defendant, a jury is warranted in finding him guilty."

III. Further demand is made for reversal, founded upon the doctrine that confessions and admissions of a prisoner must be obtained voluntarily, without force or coercion on the one hand, or the promise of favor or reward on the other. At the trial, the defendant, Jackson, testified that a previous confession made by him to the officers was obtained through "force" and abuse, in that

they committed assault and inflicted physical violence upon him. Replying to this, the "officers" testified that the statements in this regard were untrue; that no violence was threatened or used; and that the "confession" was freely and willingly given.

Manifestly, there was a conflict of evidence relating to this proposition, which was duly and fully submitted to the fact-finding body for their conclusion. They have spoken concerning this adversely to defendant's version of the facts. Necessarily, we are bound thereby. *State v. Harding,* 204 Iowa 1135, employs this language:

"The defendant predicates error upon the court's over-ruling his objections to the introduction in evidence of the two confessions hereinbefore mentioned. * * * As held by the lower court, it was for the jury, under proper instructions, to determine from the evidence whether the confessions were made voluntarily, and without having been induced by fear or threatened injury * * *. In the instant case, the only dispute or conflict in the evidence on this question is that made by the testimony of the defendant as a witness. It was clearly a question for the jury."

Wherefore, the judgment and decree of the district court should be, and hereby is, affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.