STATE OF IOWA, Appellee, v. LESTER SMITH, Appellant.
No. 38744.

APRIL 2, 1929.

*T. A. Goodson* and *E. Rominger*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

KINDIG, J.—According to the indictment, the appellant, Lester Smith, was accused of "willfully, unlawfully, and feloniously" taking, stealing, and carrying away from their coop certain domestic fowls. This offense was said to have been committed on the 13th day of May, 1926. When thus charged, the appellant pleaded "not guilty." But at the trial, he was convicted, and now seeks reversal because of errors committed by the district court. Two of those complaints will be considered.

I. It is claimed that the trial court erred in its instructions relating to the effect of the appellant's having in his possession recently stolen property. In fact, the appellant urges that in this respect the court below wrongfully placed the burden of proof, and denied the presumption of innocence. That subject has been before this court many times.

Manifestly, the State, when meeting the necessary proof, may call to its assistance the circumstance of possessing recently stolen property. An inference may arise therefrom that the defendant is one who did the stealing. Throughout the entire trial, however, the defendant is entitled to the historical presumption of innocence, and must be convicted beyond a reasonable doubt. No presumption that he is guilty at any time exists. Even the inference arising from the possession of recently stolen property must be considered with all the other evidence, as well as the lack thereof, and if from the entire record the jury still entertains a reasonable doubt of the defendant's guilt, there should be an acquittal. *State v. Jackson*, 205 Iowa 592; *State v. Fortune*, 196 Iowa 995; *State v. Brady*, 121 Iowa 561. Explanation is afforded in *State v. Brady*, supra, by the use of the following language:

"The law does not attach a 'presumption of guilt' to any given circumstance, nor does it require the accused to 'overcome the presumption thereby raised,' in order to be entitled to an acquittal. What the law does say is that the fact of possession is evidence of guilt upon which a conviction may properly be returned, unless the other facts or circumstance developed be such that, notwithstanding the recent possession, the jury still en-

tertains a reasonable doubt of the defendant's participation in the crime. It is in this sense that the words 'presumption' and 'prima-facie evidence' must be understood when employed in this connection.''

An application of those fundamental principles to the instructions given in the case at bar will readily demonstrate that an undue burden was placed upon the appellant.

The subject involves Instructions 6, 7, and 8. So far as material, the charge in this respect was:

''(6). Possession of stolen property immediately after it was stolen is presumptive evidence that the person having it in his possession is guilty of the larceny of the property, unless the evidence as a whole satisfactorily explains such possession.''

''(7). It is claimed by the State that, in the nighttime of May 13th, 1926, the defendant, Lester Smith [appellant], stole certain chickens from the coop, building, or premises of one C. C. Fidlar, and on the next day, sold the said chickens to a dealer, Mr. Quigley, at Bunch, Iowa, * * * If you find from all the evidence in the case, beyond a reasonable doubt, that the chickens, or some of them, which were sold to the dealer at Bunch by the defendant, Lester Smith [appellant], were in fact the property of the said C. C. Fidlar, and that they had been stolen from the premises of the said Fidlar, then you should find the defendant [appellant] guilty. * * * ''

''(8). * * * If you find from the evidence that any part, even one or more, of the chickens so alleged to have been stolen from the said C. C. Fidlar were found in the possession of * * * [appellant, Smith], * * * then you should convict the defendant [appellant], unless the evidence in the case, taken and considered as a whole, satisfactorily explains the possession of the defendant [appellant] of said chickens to have been honest and rightful.''

Obviously, the district court placed upon the defendant the burden of proving himself innocent; for, if the jury found the existence of the designated facts named by the court, then it was their duty, under the instructions, to convict the appellant, even though, under the whole record, there may have been a reasonable doubt. He, under that charge, did not have the presumption of innocence, nor was the State required to prove him guilty

beyond a reasonable doubt. Furthermore, it was not incumbent upon appellant to show that his possession was "honest and rightful." If he did not steal the chickens, his possession of them was immaterial. Maybe such "possession" was dishonest and wrong, yet the appellant would not be guilty of the crime charged if he did not steal the poultry. Had he obtained the personal property wrongfully by means independent of the present charge, there would be no guilt under the specific indictment. *State v. Harris*, 194 Iowa 1304; *State v. Bricker*, 178 Iowa 297; *State v. Ivey*, 196 Iowa 270; *State v. Brady*, supra. To illustrate, it is said in the *Brady* case:

"So far as the accused was required to explain his possession in order to avoid the inference of guilt, it is only necessary for him to show that he obtained it by some means not connected with the particular crime charged in the indictment; and such explanation, if believed by the jury, was sufficient to acquit him, although it may tend to show him guilty of some other crime."

Likewise, in *State v. Ivey*, supra, it is declared:

"Two matters in this instruction [the one given in that case] are subject to criticism. One is the use of the expression that a '*presumption* arises that the automobile was stolen by the defendant,' because of possession; the other is the statement that 'this presumption may be overcome by the defendant, showing that he came into the possession thereof *honestly and in good faith*.' It is not correct to say that the unexplained possession of recently stolen property 'is sufficient to raise a *presumption* of defendant's guilt.' What the court doubtless meant was that a 'permissible inference' may arise from the possession of recently stolen property that the one in such possession is guilty of the larceny. At no stage of the proceedings does the law raise a 'presumption' of the guilt of a person charged with crime, nor does it ever cast upon him the burden of satisfying the jury of his innocence. A 'permissible inference' of guilt may be drawn from certain established facts, such as the unexplained possession of recently stolen property, but no 'presumption' of guilt arises therefrom. At all times, and throughout the case, the burden rests upon the State to establish the guilt of the defendant beyond a reasonable doubt. It may be true that, in some of our earlier decisions, we have tolerated the use of the word 'pre-

sumption,' in instructions on this subject, where it appeared from all of the instructions in the case that the jury would understand that the word 'presumption' was used in the sense of 'permissible inference,' and where the proper burden was placed upon the State throughout to establish the guilt of the defendant beyond a reasonable doubt. But in our later cases, we have expressly disapproved of such an instruction.''

Again, in *State v. Harris*, supra, there is found this phraseology:

"It is not correct to say that any *burden* of proof is cast upon the defendant. Such an instruction implies a legal presumption of guilt obligatory upon the jury, if the defendant fail to meet the burden thus cast upon him. Nor was it proper to fix *honesty* of acquisition of the possession of the property as a standard of explanation sufficient to rebut the prima-facie case. If the defendant's explanation should show that he acquired his possession in a manner independent of the facts charged in the indictment, and consistent with his innocence thereof, it would be a sufficient explanation for the purpose of his defense, even though it were tainted with other dishonesty.''

Consequently, because of the above and foregoing discussion and the authorities therein cited, it is apparent that a reversal is essential.

II. Another contention made by appellant is that the court erred in excluding certain evidence. Such testimony was offered for the purpose of showing that the prosecuting witness was "a spoliator of evidence.'' Identification of the poultry was, of course, important. Appellant claimed that he owned the chickens, while the prosecuting witness insisted that he could readily recognize them as his own. Accordingly, soon after the arrest, a part of the alleged stolen property was returned by the sheriff to the prosecuting witness. Whereupon, the appellant, through his attorney, asked for an inspection of the poultry by disinterested persons, in order that it might be determined to whom the fowls in fact belonged. Apparently an order of court was obtained, requiring the prosecuting witness to permit such examination. Evidence was offered by appellant to prove that the prosecuting witness refused said examination, sold the poul-

try, and would not impart information concerning its whereabouts. Evidently, it was appellant's idea that the refusal of inspection had a tendency to weaken the identification made by the prosecuting witness. See, generally, 22 Corpus Juris 109 and following; 10 Ruling Case Law 884, Section 32; *Western Union Tel. Co. v. McClelland*, 38 Ind. App. 578 (78 N. E. 672); *Momence Stone Co. v. Groves*, 197 Ill. 88 (64 N. E. 335); *The Luckenbach*, 144 Fed. 980.

Refusal to admit such testimony was made by the court because the prosecuting witness had already admitted the truth of the allegations. After an examination of the record, we are convinced that the prosecuting witness did concede those facts. Thus there was before the jury said facts under consideration, and it was for that body to say to what extent, if any, the value of the prosecuting witness's identification of the property was thereby minimized. Hence, no reason was manifest for introducing the independent proof. Prejudice does not appear, under the circumstances.

Wherefore, the appellant is entitled to a new trial, and the judgment and decree of the district court is reversed and remanded.—*Reversed and remanded.*

ALBERT, C. J., and EVANS, FAVILLE, WAGNER, and GRIMM, JJ., concur.