STATE OF IOWA, Appellee, v. WILLIAM TAYLOR, Appellant.

No. 40903.

OCTOBER 20, 1931.

Omar E. Herminghausen, for appellant.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, J. M. C. Hamilton, County Attorney, and D. J. McNamara, for appellee.

STEVENS, J.—The crime is charged in the indictment to have been committed on or about December 10, 1930. The building claimed to have been broken and entered is the dwelling house of one Mesick who testified that he was absent from home between the 2d and 17th days of December and that immediately upon his return he discovered that his dwelling and one or more outhouses, all of which he had left securely locked, had been entered and some of the contents thereof removed. The appellant was jointly indicted with two other defendants but was awarded a separate trial. The evidence against him is largely circumstantial and a portion of the stolen property was found in his possession shortly after the discovery of the larceny.

Numerous rulings of the court are complained of and re-

lied upon for reversal. We deem it necessary, however, to discuss only the exceptions to two paragraphs of the court's charge to the jury. None of the other matters complained of are likely to arise upon a retrial of the case. The instructions to which we desire to call attention are as follows:

"13. If a party is found in possession of goods recently stolen, and which have been stolen by breaking into a building, it raises a presumption that such party having the goods has stolen them by breaking into the building. This presumption may be rebutted by the defendant's explaining such possession. The burden is upon the State to prove that such goods were stolen from the building before such presumption exists. The possession of goods recently stolen from a burglarized building would warrant you in finding the person who had the goods, stole them by breaking and entering the building, unless the possession is satisfactorily explained."

"14. The court instructs you that the burden of explaining the recent possession of stolen property is on the defendant, and that it was honestly acquired, and he must prove by a preponderance or greater weight of the evidence that such possession was honestly acquired."

The errors inhering in each of the foregoing instructions have heretofore been fully pointed out and thoroughly discussed in prior decisions of this court. State v. Ivey, 196 Iowa 270; State v. Smith, 207 Iowa 1345; State v. Jackson, 205 Iowa 592; State v. Harris, 194 Iowa 1304; State v. Brady, 121 Iowa 561.

It is sufficiently pointed out in the foregoing cases that the burden of proof in criminal cases to establish the guilt of the defendant beyond a reasonable doubt rests upon the state and no presumption of guilt at any time exists, and that the accused is not required to prove that he came honestly into the possession of stolen property. The cases cited supra are squarely in point and no amount of elaboration or discussion could add anything to the clarity and conclusiveness of the rules therein stated.

For the reasons indicated and apparent upon the face of

the instructions quoted supra, the judgment must be and it is reversed.—Reversed.

FAVILLE, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.