**AMERICAN SAMOA, Plaintiff**

**v.**

**ASUEMU of Futiga, Defendant**

No. 14-1950

High Court of American Samoa

Criminal Jurisdiction, Appellate Division

September 5, 1950

A. A. MORROW, *Chief Justice;* TIUMALU, *District Judge.*

DECISION

Heard at Iliili August 28, 1950.

Asuemu, *pro se.*

MORROW, *Chief Justice.*

Defendant Asuemu was charged with violation of Sec. 813 of the Code in that he wilfully or negligently allowed his pig to run at large and destroy plantations. He was tried in District Court No. 4, convicted and sentenced. He appealed to the High Court. The pertinent part of the above statute reads as follows: "Every person owning or having the care and control of any horse, cow, bull, calf, pig, chicken, or other kind of livestock or poultry, who wilfully or negligently allows the same to run at large and destroy or damage any fruits, flowers, vegetables, or other thing of value, shall, upon conviction, be fined not more than $200.00, or imprisoned not more than six months, or both; . . ."

The evidence is undisputed that the defendant ordinarily kept his pig in the Futiga pig wall, that it got out of the pig wall, did run at large, and did get into the plantation of Sagia, the prosecuting witness. As to whether the pig did any damage in the plantation, the evidence was seriously in

647

conflict. The defendant's witnesses testified that it did not while the government witnesses testified that it did. In our view of the case, it is not necessary for us to make a finding on this point.

The pig was shot about three o'clock in the morning by Moamoa, the son of Sagia, the prosecuting witness. It died in Sagia's banana plantation a few feet from where it was hit. Soon after it was shot it was cooked by Sagia's family members to keep it from spoiling. Before the cooking was finished defendant Asuemu, the owner of the pig, claimed it and when the cooking was completed it was taken to his family at his direction.

 An examination of the pertinent part of Sec. 813 above will show that in order that the defendant be guilty of the crime charged, not only must the pig have been running at large but the defendant must also have either "wilfully" or "negligently" allowed it to run at large. Either negligence or wilfulness on the part of the defendant was a necessary element of the crime charged. The burden was upon the government to prove every essential element of the crime beyond a reasonable doubt in order to warrant a conviction. "Under the rule of the burden of proof, the prosecution is compelled to establish every essential element of the crime charged beyond a reasonable doubt in the first instance." I Wharton's Criminal Evidence (11th ed.) Sec. 211. See also *State v. Taylor*, 213 Iowa 67, 238 N.W. 457; *State v. Smith*, 207 Iowa 1345, 224 N.W. 594.

The element of the crime to the effect that the defendant's pig was running at large was proved beyond a reasonable doubt. But it was also necessary for the government to establish beyond a reasonable doubt that the defendant either "wilfully" or "negligently" allowed it to run at large. We shall first consider whether the evidence established wilfulness on the part of the defend-

ant. "Willful" according to Black's Law Dictionary (3rd ed.) means "Intending the result which actually comes to pass; designed; intentional; not accidental or involuntary." "Willfulness implies an act done intentionally and designedly . . ." Id.

█ It is obvious if the defendant did not know his pig was outside the pig wall, that he could not have "wilfully" allowed it to run at large. His action in the nature of things could not have been intentional. There is not one iota of evidence in the record to sustain the conclusion that the defendant had knowledge that his pig was outside the pig wall before it was shot. In fact the evidence is that he did not. The testimony in behalf of the government was to the effect that the defendant kept his pig in the Futiga pig wall. Sagia, the prosecuting witness, testified that the pig wall was "about five feet high" and that it was in "good condition." Other witnesses testified that the pig wall [was] "about five feet high" and that it was in "good condition." Other witnesses testified that the pig wall was in "good condition." Sagia also testified that the pig wall was as high as most village pig walls. The evidence showed that the defendant had kept his pig within the pig wall before it was killed; that early in the morning the pig was killed; that early in the morning that the pig was killed he started on a hunting trip, went by the pig wall to feed it, saw that it was missing, went around the pig wall to see where it had gotten out and found a newly fallen tree across the wall which had so damaged it that a pig could get out. Defendant abandoned his intended hunting trip at once and went on a search for his pig. When he found it, it was being cooked by the prosecuting witness's family. We conclude, in the absence of proof that the defendant knew that his pig was at large before it was shot and cooked, that he did not "wilfully" allow it to run at large.

649

■ The next question for decision is whether he "negligently" allowed the pig to run at large. " 'Negligently' means the absence of ordinary care, which is such care as an ordinarily prudent person would exercise for his own protection." Black's Law Dictionary (3rd ed.). Negligence is the failure to exercise that degree of care which a person of ordinary prudence would use under like circumstances. The evidence as heretofore stated shows that the pig wall was new, was about five feet high, was in good condition and was as high as most village pig walls. The defendant helped to keep the pig wall in good condition.

It is our conclusion from the evidence that the defendant did use that degree of care which a person of ordinary prudence would in keeping his pig from running at large. Of course he did not cause the tree to fall on the pig wall and damage it so that his pig could get out before it was shot.

We hold in the light of the evidence that the defendant did not either "wilfully" or "negligently" allow his pig to run at large. As heretofore stated, the burden was upon the government to establish either "wilfulness" or "negligence" on the part of the defendant beyond a reasonable doubt. That the government has failed to do. Under the law the defendant should have been acquitted. The judgment entered upon his conviction in District Court No. 4 is reversed. The defendant Asuemu is discharged.