THE STATE v. TILTON.

1. **Burglary:** EVIDENCE: POSSESSION OF STOLEN GOODS. Where defendant was indicted for the burglary of a store, committed in February, and the only evidence against him was that some of the goods taken from the store were found in July following, in a trunk used jointly by defendant and another, and that defendant was at the store the evening before the crime was committed, *held* that this was not sufficient to justify a verdict of guilty, and, under the instructions of the court, defendant should have been acquitted.

*Appeal from Jasper District Court.*

FRIDAY, MARCH 21.

THE defendant was indicted for the crime of breaking and entering a store, with the intent to steal and carry away goods, wares and merchandise kept therein for sale. He was tried and convicted, and now appeals to this court.

*Alanson Clark*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ROTHROCK, CH. J.—The store in question was broken into on the night of the ninth or tenth of February, 1882, and some

clothing, jewelry and notions were stolen therefrom. The defendant is an unmarried man, and at that time resided with his father about a mile and a half from the store. He remained on his father's farm from that time until sometime in July following, when he and his sister went to Newton to attend a normal school. They kept their clothing in the same trunk, and about the last of July, in the absence of the defendant, the trunk was searched, and some of the stolen goods were found therein.

It appeared in evidence that the defendant had frequently been at the store, and that he was there on the evening before the crime was committed. But it is not claimed that there was anything peculiar or suspicious in his actions. The next morning, certain parties claim that they tracked the thieves in the direction towards defendant's father's residence, across a field, into a public road, where the trail was lost. It is not claimed that any of the tracks corresponded with tracks made by the defendant, or that the persons who made the tracks may not have gone elsewhere than to the residence of the defendant.

The court instructed the jury, at the instance of the defendant, as follows:

" 2. You are instructed that there must be evidence to justify the conviction of the defendant of the crime charged, other than the unexplained possession of goods recently burglarized; and evidence that the defendant was in and about the store on the evening preceding the burglary is not sufficient, even along with the unexplained possession of goods recently burglarized, to justify a verdict of guilty."

This instruction, as applied to the recent possession of goods buglariously stolen, is correct. *State v. Shaffer*, 59 Iowa, 290, and authorities there cited.

It is, however, doubtful whether the goods in question could be said to be recently stolen when they were found in the trunk, or whether the defendant's possession of the trunk was exclusive. However that may be, we find nothing in this record in any-

way connecting the defendant with the crime charged, unless it be the possession of the goods, and, under the instruction above set out, he should have been promptly acquitted.

REVERSED.