[No. 20674.  In Bank. — August 22, 1890.]

THE PEOPLE, RESPONDENT, v. MARTIN HANNON, APPELLANT.

CRIMINAL LAW — BURGLARY — POSSESSION OF STOLEN GOODS — INSTRUCTION. — A charge to the jury, upon the trial of a defendant convicted of burglary, that "if the jury believe certain property to have been stolen, proof of its possession is not, of itself alone, sufficient to justify the conviction of the defendant, but is a circumstance which, if not satisfactorily explained, tends to establish guilt, and when taken in connection with other evidence, may be sufficient to satisfy the minds of the jurors of the guilt of the accused; but you cannot find a person guilty upon proof of possession of stolen property alone, without any other evidence to explain its possession," — is not prejudicially erroneous, and would carry to the jury the idea that the possession of the stolen goods, unexplained, would of itself be insufficient to justify a conviction.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Carson & Gibbons*, for Appellant.

*Attorney-General Johnson*, for Respondent.

FOOTE, C. — The defendant was convicted of burglary in the first degree; from the judgment rendered against him, and an order denying a new trial, he appeals.

It is urged in his behalf that the evidence is insufficient to show that he, or any one else, broke and entered the premises mentioned in the information, at the time

charged, with the intent to commit grand or petit larceny, or any felony, or that he ever entered them at all.

We think the evidence, taken altogther, direct and circumstantial, is sufficient to justify the verdict of the jury.

It is also claimed that the court erroneously instructed the jury that " if the jury believe certain property to to have been stolen, proof of its possession is not, of itself alone, sufficient to justify the conviction of the defendant, but is a circumstance which, if not satisfactorily explained, tends to establish guilt, and when taken in connection with other evidence, may be sufficient to satisfy the minds of the jurors of the guilt of the accused; but you cannot find a person guilty upon proof of possession of stolen property alone, without any other evidence to explain its possession."

A similar charge was offered in *People* v. *Fagan*, 66 Cal. 534, where it is said: "We think the jury must have understood the court to mean that if the defendants were found in possession of any part of the property described in the indictment, soon after such property was stolen, such possession, unless satisfactorily explained, was a circumstance to be considered in connection with other suspicious facts in determining their guilt or innocence. The charge, taken as a whole, would not, we think, carry to the jury the idea that the possession of the stolen goods, unexplained, would of itself be sufficient to justify a conviction."

Perceiving no prejudicial error in the record, we advise that the judgment and order be affirmed.

Belcher, C. C., and Gibson, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.