## THE PEOPLE v. STUB WOOD.

[See 94 Mich. 642.]

*Burglary—Evidence—Instructions to jury.*

1. Respondent and two others were informed against jointly for burglarizing a flouring-mill. The evidence tended to show that, on the morning following, there were discovered tracks of two or three men leading from the window of the mill to the road, where were found tracks made by a vehicle which apparently had one wheel which did not track with the others; that the imprint of the foot of the horse was rather small; that one foot made an impress indicating that it had a broken portion of a shoe on, and the tracks showed that the other feet were unshod; that, shortly after the burglary, flour of the same grade as that stolen, and in sacks belonging to the owner of the mill, was found in respondent's possession; that it was of a grade not sold to local dealers; that one of the other respondents had a horse and a light wagon; that the horse was unshod, except a portion, only, of a shoe on one foot; that one wheel of the wagon did not track with the others; and that, between 6 and 7 o'clock of the evening of the night on which the burglary was committed, the three respondents were seen driving towards the mill, with a one-horse wagon. And it is held that there was ample testimony from which the jury might find that a burglary was committed by the respondent who had the horse and wagon, and his associates, and that there was also testimony to go to the jury upon the question of whether the respondent on trial was one of said associates.

2. It was competent for the miller employed in said flouring-mill to testify that the flour found in respondent's possession was the same as that manufactured in said mill.

3. The fact that the flour found in the possession of the respondent was in sacks labeled with the name of the owner of the mill, and of the grade there manufactured, tended to show that the flour was of the same quality.

4. It was not error to refuse to permit a witness to testify whether a certain grade of flour manufactured in another mill belonging to the owner of the one burglarized, and at which he worked, was also manufactured by other dealers, he having

testified to his want of knowledge as to the grade of flour manufactured in any of the mills of said owner except the one at which he was employed.

5. The jury were properly instructed that the possession of stolen property found with persons accused of burglary is not *prima facie* evidence of the burglary, but, if they found that whoever broke and entered the mill stole the flour therefrom, then, in whosesoever possession the flour was found shortly after, it would be evidence of larceny, and they would be justified in finding such parties guilty of burglary, as well as of larceny.

6. The law permits jurors in a criminal case to deliberate, and discuss the evidence, and does not contemplate that, upon retiring, the judgment of each juror shall be irrevocably made up; but, before a conviction can be had, the jury must, individually, be convinced by the evidence of the guilt of the respondent, beyond a reasonable doubt.[1]

Error to Kalamazoo. (Buck, J.) Submitted on briefs February 2, 1894. Decided April 10, 1894.

Respondent was convicted of breaking and entering a flouring-mill in the night-time, with intent to commit the crime of larceny, and sentenced to imprisonment in the State prison for five years. Judgment affirmed. The facts are stated in the opinion.

*Oscar T. Tuthill*, for respondent.

*A. A. Ellis*, Attorney General, and *L. N. Burke*, Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of breaking and entering the flouring-mill of the Merrill Milling Company, about $3\frac{1}{2}$ miles south of the city of Kalamazoo. The theory of the prosecution was that the offense was committed by the respondent, one Edward Coleman, and one Betts. The evidence was circumstantial, and tended to show that there were tracks of two or three

---

[1] See *People v. Curtis,* 97 Mich. 489.

men leading from the window of the mill to the road, where there were tracks made by a vehicle which apparently had one wheel which did not track with the others; that the imprint of the foot of the horse was rather small; that one foot made an impress indicating that it had a broken portion of a shoe on, and the tracks showed that the other feet of the horse were unshod; that, shortly after the burglary, flour of the same grade as that stolen, and in sacks of the Merrill Milling Company, was found in possession of respondent; that it was a grade of flour not sold to local dealers; that the co-respondent Coleman had a horse and a light wagon; that the horse was unshod, except a portion, only, of a shoe on one foot; that one wheel of the wagon did not track with the others; and that, between 6 and 7 o'clock of the evening of the night on which the burglary was committed, the three respondents were seen driving south, towards the place of the burglary, with a one-horse wagon. It is insisted that there was no sufficient evidence to warrant the conviction of the respondent. But we think otherwise. There was ample testimony from which the jury might have found that the burglary was committed by Coleman and his associates, and there was also evidence to go to the jury upon the question of whether the respondent Wood was associated with him in the burglary.

The record contains a large number of assignments of error, many of which it would be without profit, either to the respondent or the profession, to review.

Error is assigned on the admission of the testimony of the miller that the sample of flour found in the possession of one of the respondents was the same as that manufactured at the mill; but we think it was competent to show that the flour corresponded in quality, and we are not prepared to say that a practical miller could not determine the quality on examination. The fact that the flour was

found in sacks labeled with the name of the manufacturer, and also labeled with the name of the grade, was some evidence tending to show that it was of this quality. We think, also, that respondent's requests which sought to withdraw from the jury the consideration of the quality of the flour were properly refused.

Error is assigned upon the refusal of the court to permit a witness to testify whether a certain grade of flour manufactured in another mill of the Merrill Milling Company was also manufactured by other dealers. The witness had already testified that he did not know what grade of flour was manufactured in the mills of the Merrill Milling Company, other than the one at which he worked; and the comparison, if any was to be made, should have been with the grade manufactured in the mill alleged to have been burglarized.

The other assignments of error relating to the admission and rejection of testimony need not be specially considered. Suffice it to say that we think there was no error committed in the rulings criticized.

Error is assigned upon the refusal of the court to give respondent's request as follows: "The jury are instructed that the possession of stolen property found with persons accused is not *prima facie* evidence, even, of a burglary;" respondent's counsel citing *Stuart v. People*, 42 Mich. 255, as sustaining this request. The circuit judge, however, in his general charge, did instruct the jury in the language of the request, but added the following:

"As applied to this case, however, if you find that whoever broke the window stole the flour out of the mill, then, in whosesoever possession the flour was found shortly after, it would be evidence of larceny; and you would from that be justified—provided you found as a fact that the same persons who broke and entered the mill committed the larceny, you would be justified—in finding the parties in whose possession the flour was found guilty of burglary, as well as larceny."

We think this instruction correctly stated the law of the case.

Respondent presented a request as follows:

"Before a conviction can be had in any criminal case, the jury must, individually, be convinced by the evidence of the guilt of the respondents, beyond a reasonable doubt; and it is their duty to hold their own judgment, uninfluenced or persuaded by others. It is not a case admitting of a compromise to come to a verdict."

This request went too far, in requiring that a juror should hold his own judgment, uninfluenced by others. The law permits jurors to deliberate, and discuss the evidence, and does not contemplate that, upon retiring, the judgment of each juror shall be irrevocably made up. So far as the request correctly stated the law, it was covered by the general charge, the circuit judge stating to the jury as follows:

"Before a conviction can be had in any criminal case, the jury must, individually, be convinced by the evidence of the guilt of the respondents, beyond a reasonable doubt."

There is no merit in the complaint made of the fact that Mr. Kinnane was permitted to assist the prosecutor at the trial. The record fails to disclose that any objection was taken until after the verdict; and when the objection was raised, on a motion for a new trial, Mr. Kinnane showed by affidavit that he had no private interest in the prosecution of the case.

A careful examination of the record convinces us that no error was committed to the prejudice of the respondent, and the judgment will be affirmed.

The other Justices concurred.