THE STATE OF IOWA, Appellee, v. J. E. BRADY, Appellant.

Burglary:   POSSESSION OF STOLEN GOODS.   Possession of stolen prop-
1    erty does not make a prima facie case connecting a defendant with a burglary, unless from all the facts and circumstances the jury find that the larceny and the burglary were committed at the same time and by the same person.

Burglary:   EFFECT OF RECENT POSSESSION OF STOLEN GOODS.   Recent
2    possession of stolen property does not raise a presumption of guilt requiring conviction, in the absence of explanatory circumstances, but simply permits it.

Explanation of Possession: INSTRUCTION. In a prosecution for
3    burglary, an instruction that defendant's possession of goods
     raises a presumption of guilt unless he shows that he obtained
     the property honestly and fairly, is erroneous, as it is sufficient
     to warrant an acquittal for defendant to show that possession
     was obtained by means independent of the crime charged,
     though involving some other offense.

Circumstantial Evidence: INSTRUCTION. Where the evidence of guilt
4    is purely circumstantial, the jury should be fully instructed
     regarding the quantum of proof necessary to justify a convic-
     tion.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

TUESDAY, OCTOBER 27, 1903.

INDICTMENT for burglary. The defendant, having been
adjudged guilty, appeals.—*Reversed.*

*Stewart & Cohen* and *A. P. Chamberlain* for appellant.

*Chas. W. Mullan*, Attorney General, and *Chas. A.
Van Vleck*, Assistant Attorney General, for the State.

WEAVER, J.—The evidence for the state tended to
show that on the night of September 29, 1900, the barn of
one Stuart, situated several miles east of the city of Des
Moines, was unlawfully broken and entered, and certain
harness stolen therefrom; that on said night defendant
was seen upon the public highway in that neighborhood;
that about ten days thereafter the stolen property, or
some of it, was found in his possession; and that he made
some statements or admissions serving to strengthen the
suspicion of his guilt. The defendant denied his guilt,
and offered considerable evidence tending to prove an
alibi, and explained his possession of the harness by the
statement that he bought it of a person who brought it to

his residence in Des Moines ·on the morning after the alleged crime, which statement was also corroborated by several witnesses.

Among the instructions given by the court to the jury are the following:

"(2) The defendant is presumed to be innocent of the offense charged, and the burden is upon the prosecution to overcome this presumption, and to establish his guilt thereof beyond a reasonable doubt. No mere weight of evidence is sufficient, unless it excludes all reasonable doubt as to his guilt. The proof of guilt must be inconsistent with any other rational supposition. The doubt that entitles to acquittal must be reasonable, not unreasonable; real, not captious or imaginary; not forced or artificial; but must be a doubt which, without being sought after, fairly and naturally arises in the mind after carefully considering the whole case.. The proof is sufficient if it establishes guilt to a moral certainty—such a certainty as fully and fairly convinces the understanding of the jurors."

"(8) So, too, the possession of property that has been recently stolen from a building by means of breaking and entering said building is sufficient to raise a presumption of guilt of the person in whose possession said property is found; that is, it creates the presumption that he is the third party that broke and entered said building and took therefrom the said property, unless the attending circumstances or ·evidence explains said possession, and shows that the same may have been otherwise honestly acquired. If, therefore, in this case, you find that the building in controversy was in fact broken into substantially as alleged in the indictment, and that there was therein at the time harness and other property, which was kept there for use, deposit, or safe-keeping, and that said property, or some of it, was at the same time alleged stolen and carried away from said building, and shortly thereafter the same, or some of it, was found in the possession of defendant, the·

said possession would raise a presumption of guilt of the defendant as to matters and things charged in the indictment, unless the attending circumstances or other evidence overcome the presumption that is hereby raised as to create a reasonable doubt of the defendant's guilt. In deciding the weight to be given to such presumption you will take into consideration the time which has elapsed between the taking of the goods and the finding of them in the possession of the defendant, if you find they were so found in his possession; the place from where the goods were taken, and the distance therefrom to the place where said goods were found in his possession, if you find they were so found; the kind of property; whether easily transferable or not; what, if anything, was said at the time by the defendant, and what, if any, explanation he made in regard to his possession of said property, and all other evidence tending to explain said possession; and all other facts and circumstances proved fairly tending to show whether the defendant came into possession of said property fairly and honestly."

The defendant asked the court to supplement its charge as given to the jury with certain other instructions, of which we will here quote the following:

"First. You are further instructed that, where the state seeks a conviction upon circumstantial evidence alone, it must not only show that the alleged facts and circumstances are true, but that they are absolutely incompatible with any reasonable hypothesis of the innocence of the accused."

"Third. You are further instructed that, even if you should find from the evidence that the defendant had in his possession property that had been taken from the building as described in the indictment, a short time after it was taken, that fact does not raise a presumption of law that the defendant is guilty of the crime of breaking as charged in the indictment, or shift the burden of proof

upon the defendant to satisfactorily explain his possession of the property. Unless you find from the evidence that the state has proven to a moral certainty and beyond a reasonable doubt that the defendant did break and enter the building for the purpose of committing a public offense, as charged in the indictment, your verdict must not be guilty."

"Fifth. You are further instructed that, if the evidence in this case raises a reasonable doubt in your minds whether or not the defendant received these harness from some other person, no matter if he did get them on Sunday, or even if he had reason to believe the harness had been stolen by the man from whom he got them—if the evidence does raise in your minds a reasonable doubt that he received these harness from some other person—then it is your duty to acquit.

"Sixth. You are further instructed that the words 'honestly acquired,' as used in these instructions, mean nothing more than that the defendant obtained these harness otherwise than breaking and entering, as charged in the indictment."

Aside from the question of the sufficiency of the evidence, which we will not discuss further than to say we would not be inclined to disturb the verdict on this ground alone, it will be observed from the foregoing statement that the principal points for our consideration have reference to the legal effect of the possession of goods stolen by burglarious means, and the sufficiency of circumstantial evidence in the proof of crime.

I. As to the effect to be given in prosecutions for burglary to proof of possession of goods stolen in connection with the breaking and entering, the authorities are 1. BURGLARY possession of not entirely in harmony. There are decisions stolen goods. holding without qualification that the fact of possession of property recently stolen under such circumstances has no tendency to prove the possessor's guilt of

burglary.  *People v. Gordon*, 40 Mich. 716.   On the other
hand, cases may be found to the effect that such fact alone
creates a·sufficient presumption of guilt to justify a con-
viction.   *Knickerbocker v. People*, 43 N. Y. 177.   Our own
cases have gone to neither extreme, and are, we think, in
harmony with the weight of authority.   As laid down in
*State v. Rivers*, 68 Iowa, 616, the rule approved by this
court is that: "The possession of property which has been
stolen from a building which had been broken and entered
is not alone *prima facie* evidence that the one having it is
guilty of burglary.   Such possession unexplained does
raise a presumption that the party is guilty of larceny,
but it does not follow that both crimes were committed by
the same party.   The one who committed the larceny may
have found the building open after the burglary was com-
mitted, and may have entered and. stolen the goods with-
out having been concerned in the breaking.   It is obvious,
therefore, that the mere possession of the stolen goods
does not have the same tendency to connect him with the
burglary which it does with the larceny."   To the same
effect, see *State v. Reid*, 20 Iowa, 413; *State v. Shaffer*, 59
Iowa, 290; *State v. Tilton*, 63 Iowa, 117.   It was held,
however, in the *Rivers Case*, that where the evidence is
such that the jury may find and does find that the theft
of the goods was accomplished at the same time and by
means of a breaking and entering of the building in which
the goods were kept or stored—or, in other words, where
it is shown that the burglary and the stealing of the goods
were a part of the same transaction—then the finding of
the stolen goods within a short time thereafter is evidence
of the possessor's guilt of both offenses.   This holding has
been followed and approved in *State v. Frahm*, 73 Iowa,
355; *State v. Yohe*, 87 Iowa, 33; *State v. Jennings*, 79
Iowa, 516; *State v. Ryan*, 113 Iowa, 539; *State v. Ham*,
98 Iowa, 61; *State v. Marshall*, 105 Iowa, 38.   This dis-
tinction, which limits the effect of possession of stolen

goods as evidence of burglary to cases where the jury find that the larceny and burglary were committed at one and the same time, and by the same person or persons, is quite generally recognized by the courts of other states. *State v. Powell*, 61 Kan. 81 (58 Pac. Rep. 968); *People v. Hannon*, 85 Cal. 374 (24 Pac. Rep. 706); *Metz v. State*, 46 Neb. 547 (65 N. W. Rep. 190); *Ryan v. State*, 83 Wis. 486 (53 N. W. Rep. 836); *Smith v. People*, 115 Ill. 17 (3 N. E. Rep. 733); *People v. Wood*, 99 Mich. 620 (58 N. W. Rep. 638). In the case at bar the trial court did, in the eighth paragraph of its instructions, observe the limitations of the rule by directing the jury that, to make it applicable, they must find "that the building in controversy was broken into substantially as alleged in the indictment, and that there was therein at the time harness and other property, which was kept there for use or deposit or safekeeping, and that said property, or some of it, was at the same time alleged stolen and carried away from the building, and shortly thereafter was found in the possession of the defendant." This proposition is in substantial accord with the long line of cases to which we have referred.

The further instruction in the same paragraph that the effect of such possession of stolen property is "to raise a presumption of guilt of the defendant unless the attend-

2. BURGLARY: effect of recent possession of stolen goods.

ing circumstances or other evidence overcome the presumption that is hereby raised as to create a reasonable doubt of guilt," has perhaps too much support in some of the precedents to justify us in reversing the case on that ground; but we think the language unhappily chosen. The law does not attach a "presumption of guilt" to any given circumstance, nor does it require the accused to "overcome the presumption thereby raised," in order to be entitled to an acquittal. What the law does say is that the fact of possession is evidence of guilt upon which a conviction may properly be returned, unless the other facts or circumstance developed

be such that, notwithstanding the recent possession, the jury still entertains a reasonable doubt of the defendant's participation in the crime. It is in this sense that the words "presumption" and *"prima facie* evidence" must be understood when employed in this connection. *Smith v. State*, 58 Ind. 340; *Ingalls v. State*, 48 Wis. 647 (4 N. W. Rep. 785); *Com. v. Randall*, 119 Mass. 107; *Smith v. People*, 103 Ill. 82; *Branson v. Com.*, 92 Ky. 330 (17 S. W. Rep. 1019); *People v. Titherington*, 59 Cal. 598. In 1 McClain's Criminal Law, section 617, it is said the rule here stated is "sounder in principle than that which requires the defendant in some form to overcome the presumption and establish his innocence." That the word "presumption," as used in this class of cases, indicates no more than that the fact of possession is sufficient evidence to sustain a finding of guilt, is shown by the language employed in the opinion of this court in *State v. Kelly*, 57 Iowa, 646, where it is said: "The recent unexplained possession of stolen property tends to establish the guilt of the person in whose possession it is found, and will authorize conviction unless the inference of guilt is overcome by other facts tending to establish the innocence of the accused. * * * The law holds that the presumption in question, unless overcome, will authorize a conviction." If, as here indicated, the term "presumption of guilt" be understood as something which authorizes conviction, and not something requiring it, its use is not open to just criticism; but, unless guarded by proper explanation, we think there is danger that jurors may give it the latter construction.

II. Exception is further taken to the eighth instruction, which requires defendant to show the possession of the stolen goods by him was obtained "honestly and fair-

3. EXPLANATION ly" before he can be relieved from the infer- of possession: instruction. ence of guilt attaching to such possession. In view of the theory of the defense that the defendant was

not and could not have been present at the time and place of the commission of the burglary, and that the harness was purchased by him from another person on the following day, we are of the opinion that the instruction referred to was misleading.    If, for instance, the jury believed from the testimony that some unknown person committed both the burglary and larceny, and thereafter sold or delivered the harness to defendant, who received it knowing it to have been stolen, he could not be said to have obtained possession either honestly or fairly, and under the doctrine of the instruction such possession would justify his conviction.    It needs no argument, however, to show that such a conviction could not be sustained.  *Cornwall v. State*, 91 Ga. 277 (18 S. E. Rep. 155).  So far as the accused was required to explain his possession in order to avoid the inference of guilt, it was only necessary for him to show that he obtained it by some means not connected with the particular crime charged in the indictment; and such explanation, if believed by the jury, was sufficient to acquit him, although it may tend to show him guilty of some other crime.    This thought is embodied in the fifth and sixth instructions requested on behalf of the appellant, and the same or some equivalent statement should have been given to the jury, and the refusal to so charge was error.    The appellant was entitled to have the theory of his defense specifically called to the attention of the jury, with instructions that, if the claim was found to be true, or if the proof thereof was such as to raise a reasonable doubt in the minds of the jurors, he was entitled to an acquittal.

III.    There was also a failure to give instructions as to the rules governing the application and effect of circumstantial evidence.    The only statement in this charge
4. CIRCUMSTAN-
TIAL evi-
dence: in-
struction.
which can be construed as having reference to this feature of the case is found in a single sentence in the second paragraph, as follows:

"The proof of guilt must be inconsistent with any other rational supposition." This is an inadequate statement of the well-established principle. In submitting a case depending entirely upon circumstantial evidence, the jury should not be given loose rein, but should have careful direction as to the quantum of proof necessary to justify a conviction. *State v. Johnson*, 19 Iowa, 230; *People v. Cunningham*, 6 Parker, Crim. R. 398; *Dreessen v. State*, 38 Neb. 375 (56 N. W. Rep. 1024).

For the reasons stated, the judgment of the district court is reversed, and cause remanded for a new trial.— REVERSED.