JOHN COOKE, Plaintiff in Error, v. STATE OF
TENNESSEE, Defendant in Error.

464 S.W.2d 324.

Court of Criminal Appeals of Tennessee. Dec. 29, 1970.

Certiorari Denied by Supreme Court March 1, 1971.

534

Gus A. H. Hamner, James C. Cunningham, Clarksville, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Noel R. Bagwell, Dist. Atty. Gen., Clarksville, for defendant in error.

## OPINION

GALBREATH, Judge.

The plaintiff in error, John Cooke, and his nephew by marriage, Jimmy Wilson, were indicted for the burglary of the Ponderosa Tavern in Montgomery County. Wilson entered a plea of guilty in connection with the charge and

was sentenced to the penitentiary. John Cooke was tried on his not guilty plea in the Criminal Court of Montgomery County and convicted of petit larceny, and the jury fixed his punishment at two (2) years in the penitentiary.

According to the State's theory and proof, a third participant, Terry Cooke, 16-year-old nephew of John Cook, was also involved in the break-in that resulted in the theft of a quantity of beer, food, a transistor radio, sunglasses, money from vending machines and the keys to some of these machines. When the trio was arrested the next day in Hopkinsville, Kentucky, the defendant Cooke had in his possession two keys that operated the locks on some of the vending machines. The possession of these keys and the testimony of the juvenile, Terry Cooke, are all that is in the record connecting the defendant with the crime. In spite of the contention of the defendant to the contrary, we think it is enough.

The testimony of the accomplice, Terry Cooke, is repudiated by both the defendant and Jimmy Wilson, who, as aforesaid, pleaded guilty. During his rather shaky testimony Terry Cooke admitted under cross examination that he had at previous times, including the preliminary hearing, told conflicting stories as to the participation of his uncle in the crime. At some times, it appears, Terry had said that he alone broke into the tavern, at other times he said that the three of them were involved, and in an affidavit introduced on the motion for a new trial he said that only he and Jimmy Wilson were involved.

The defendant denied any participation in the crime

and explained his possession of the keys that fit the vending machines in the Ponderosa by saying he found them in a sack on the floorboard of his sister-in-law's automobile after the break-in, July 5, 1969, the same day he was arrested. One of the investigating officers testified that the defendant told him he had found the keys on the side of the road and made no mention of an automobile or of the keys having been in a sack. The confessing co-defendant Wilson testified that the defendant was not involved in the break-in which, he said, was accomplished by Terry Cooke and him alone.

██ The trial judge correctly ruled that the jury had before it substantially the same proof tendered on the motion for a new trial from Terry Cooke to the effect that the defendant did not participate in the break-in. That is apparent from the record, and the jury in its deliberations had to decide at what point in time the admittedly lie-prone young Cooke was telling the truth. They determined that he was being most truthful when he swore at the trial all three of those charged with the break-in did in fact participate. This evidence, which the jury had the prerogative of accrediting as true, coupled with the fact that the defendant was found to possess the stolen keys, and his disputed story of how he came by them is sufficient to sustain the jury's verdict. We cannot set such a verdict aside on appeal unless the entire evidence preponderates against it. See McBee v. State, 213 Tenn. 15, 372 S.W.2d 173.

██ If the recanting of the principal witness had come to the attention of the defense and the court as the result of newly discovered evidence, it might well be that the trial judge would have granted a new trial based

on it. But since the jury had the gist of this proof before it at the trial, it is apparent that it did not meet the test of newly discovered evidence as discussed in such cases as Jones v. State, Tenn.Cr.App., 452 S.W.2d 365, wherein it is made clear that only if it appears that such evidence was not available to the defense during the trial and could reasonably be expected to result in a more favorable verdict to the defendant if presented in another trial should the trial judge set aside the jury's verdict. The judge found on motion for a new trial that the jury had proof before it that the juvenile had attempted to exonerate the defendant earlier, and thus his later attempt to do so would only be an extension to and cumulative of such proof.

■ Added to the corroborated testimony of the accomplice is the inference the law permits that the person found in the unexplained possession of recently stolen property is the thief. See Smith and Shipley v. State, Tenn.Cr.App., 451 S.W.2d 716. In this instance the defendant did explain his possession, but his explanation was in turn rebutted by the officer who testified the defendant gave a pre-trial conflicting explanation as to where and how he found the keys. This again raised an issue in conflict for resolution by the jury as the trier of fact.

■ It results that the assignments of error challenging the sufficiency of the evidence and the action of the trial judge in failing to grant a new trial on the basis of newly discovered evidence must be overruled. While the evidence of guilt before us is not overwhelming, we will not "upon a mere doubt, such as would justify a jury in a verdict of not guilty" set aside the verdict of a jury approved by the trial judge unless we find the weight of

the evidence is not sufficient to warrant the verdict. See Bedford v. State, 24 Tenn. 552.

■ Although such oversights are corrected as administrative errors by the Department of Corrections we point out that the judgment did not specify the minimum sentence of not less than one (1) year; and we accordingly modify the judgment to not more than two (2) nor less than one (1) year and affirm.

OLIVER and RUSSELL, JJ., concur.