**Luther SNEED, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

March 27, 1973.

Certiorari Denied by Supreme Court
Aug. 6, 1973.

James W. McKenzie, Dayton, for plaintiff-in-error.

David M. Pack, Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, J. William Pope, Dist. Atty. Gen., Pikeville, for defendant-in-error.

## OPINION

DWYER, Judge.

The appeal from a conviction of burglary in the third degree and resulting punishment of confinement for not more than three years contains the following assignments of error filed by court appointed counsel.

The evidence does not support the verdict; the testimony of accomplices is not corroborated; the tools were not identified; the description of the tools stolen was not sufficient; the search and uncover of the tools from defendant's automobile trunk was illegal; the trial court erred in not reducing a portion of his charge to writing; his constitutional rights were violated by being required to testify first; and the trial court erred in not charging the law on alibi.

The evidence from our review reflects that Keltch's garage, located in Rhea County, was burglarized in the early morning

hours of September 9, 1971, with tools and mag wheels being unlawfully removed.

An investigation resulted in the arrest of George Neal, with recovery, from his automobile, of the stolen mag wheels. He gave information which implicated Luther Sneed. Armed with this information the deputy saw Sneed drive into his mother's driveway. He then approached Sneed and asked if he could look into his trunk, with Sneed granting permission and unlocking the trunk. A tool box with tools was recovered by the deputy, resulting in the arrest of Sneed. A ratchet and vice grip pliers were identified at the trial by the garage owner as tools which were in his possession and taken as a result of the burglary.

Another accomplice, Charles Qualls, testified that he, Neal and Sneed burglarized the garage and that Neal got the mag wheels and Sneed got some tools.

The defendant testified and denied the burglary or any participation therein and claimed the recovered tools were his.

His mother testified in his behalf and corroborated Sneed's testimony as to the tools.

■ We think the evidence as related supports this verdict. The accomplices testified the three of them burglarized the garage. The identification of the tools as his own by the owner of the garage is corroboration sufficient to support their testimony. See Campbell v. State, 1 Tenn. Cr.App. 586, 447 S.W.2d 877, 880. The assignments pertaining to the sufficiency of the evidence and corroboration of the accomplices are overruled.

■ We further feel from our review that the owner's identification of the tools as his and as being in his possession from marks thereon is sufficient identification for submission to the jury. See Wharton's Criminal Evidence, Vol. 2, § 675, pp. 616, 617, Identity of Article; Stubbs v. State, 216 Tenn. 567, 572, 393 S.W.2d 150. The assignment pertaining thereto is overruled.

■ He next contends that the tools were described so insufficiently in the indictment as to be a bar to being tried for that same offense. We reject the reasoning as advanced that the description of the tools is not or would not be determinative of the offense of burglary but would only serve as evidentiary matters to that offense. The indictment sufficiently and fully apprised him of the offense he was accused of committing and of which he was convicted. The assignment is accordingly overruled.

■■ He next contends the court erred in allowing into evidence the tools, as they were obtained as a result of an illegal search. The record reflects an objection timely made. The court held a hearing out of the presence of the jury. The state adduced the testimony of the deputy that he asked permission of the defendant to look in his trunk. The defendant gave him this permission and unlocked the trunk. No proof was offered by Sneed to offset this testimony. We think the evidence sustains the trial court's ruling that the search was legal in that Sneed gave his consent to same. See Bratton v. State, Tenn.Cr.App., 477 S.W.2d 754, 756. Further, when defendant here took the stand and testified as to the tools and advanced his defense by asserting they were his own, he waived his search question. See Lester v. State, 216 Tenn. 615, 622, 393 S.W.2d 288. The assignment is accordingly overruled.

■ He next contends that the trial court erred in not reducing his charge to writing as required by T.C.A. § 40–2516. This came about in the following manner. Sneed was accused in the third count of concealing the mag wheels. On motion of Sneed the court agreed to direct a verdict of not guilty as to Sneed's involvement in this count. At the conclusion of the proof at Sneed's request the court told the jury not to consider the third count of concealing by Sneed of the wheels. We do not think this violated the prohibition of the statute that the court's charge of the law and principles applicable in all felony cases

must be in writing. See Keith v. State, 218 Tenn. 395, 403 S.W.2d 758, 763. The assignment is overruled.

■ He next contends that the defendant, by testifying first, was forced to violate his constitutional guarantees. See Brooks v. Tennessee, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358. However, no opposition was made at the trial to Sneed testifying first, and further Robinson v. Neil, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29, decided January 16, 1973, holds that procedural faults as here are not to be given retroactive application. No evidence is advanced as to any prejudice suffered by the defendant. This court in many recent opinions has consistently refused, in the absence of prejudice being shown, to apply Brooks v. Tennessee, supra, retroactively. We will not do so here. The assignment is overruled.

■ Finally, he contends the trial court erred in not charging the law on alibi. It is true, as urged by the state, no special request was submitted for the court to charge on alibi. However, if the issue is fairly raised by the evidence it is mandatory for the court to so charge. See Poe v. State, 212 Tenn. 413, 416, 370 S.W.2d 488. Here the defendant testified and denied breaking into the garage and further denied ever being with Neal and Qualls when they broke into any premises. Although the record is not too clear, his testimony indicates he was not in the county at the time but was in Nashville. Further, his mother related that every night that he was in Rhea County he was home with her and stayed there all night. We feel this testimony fairly raised the issue, placing the duty upon the trial court to affirmatively charge this jury the law on alibi under the holdings of Poe v. State, supra. This was prejudicial error requiring reversal of this conviction. The assignment is accordingly sustained with the result that the judgment of the trial court is reversed and the record remanded for a new trial.

MITCHELL, J., concurs.

GALBREATH, J., concurs separately with opinion.

GALBREATH, Judge (concurring).

I concur but cannot join in the holding that Brooks v. Tennessee, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358, should not be given retrospective application. However, the facts in this case do not present a *Brooks* issue. Brooks was deprived af his constitutional right to be heard in his own defense; the plaintiff in error here was accorded this privilege and thus has no standing to complain. While *Brooks* struck down T.C.A. § 40-2403 requiring the defendant in a criminal trial to testify first if he became a witness in his defense, it did not hold that one who has so testified has been denied any constitutional right. Under the law as it now prevails, a defendant may be a witness at any stage of the defense.

The right to be heard is so basic and fundamental that I cannot doubt its denial would void any conviction following such a deprivation. It is not procedural, as I see it any more than other basic rights such as the right to trial by jury, the right to counsel, freedom of religion, etc. Actually, the right to be heard in his own defense is probably the most important single right a person accused of crime has under the Federal and State constitutions. A person unjustly accused of crime might survive the ordeal without an attorney; he might get by without a jury if the judge was fair; but without the right to explain his side of the case, he would be most likely doomed. Such rights have always been guaranteed by the constitution, and any decision of the United States Supreme Court holding that such rights have been denied, as for example the right to counsel in *Gideon* and the right of confrontation in *Bruton* have been given retrospective application. The right to be heard is more important than either and thus *Brooks*, as I see it, must be retroactive.