Joe CAPPS et al., Plaintiffs-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Dec. 23, 1974.

Certiorari Denied by Supreme Court April 7, 1975.

Edward Michael Ellis and Charles H. Child, Knoxville, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., Nashville, David Black and John C. Crawford, III, Asst. Dist. Attys. Gen., Maryville, H. Kenneth Deatherage, Dist. Atty. Gen., Kingston, for defendant in error.

RUSSELL, Judge.

## OPINION

Joe Capps, Glen R. Birmley and John P. Sexton were jointly tried and convicted for the second degree burglary of a Roane County residence. Each was sentenced to three (3) to five (5) years in the penitentiary. The burglary involved the theft of a large quantity of guns, and occurred between early evening on October 3, 1973, and 6:30 p. m. on October 4, 1973. The three plaintiffs-in-error were arrested in Nashville on the evening of October 5, 1973, at 10:45 p. m. in Birmley's car, being driven by Capps with Sexton upon the rear seat, and with a substantial number (24) of the stolen guns in the trunk of the car.

Capps testified that he had purchased the guns from a stranger in Chattanooga named Larry Johnson, who had telephoned him. Capps claims that he drove his car to Chattanooga, there met the stranger (Johnson) upon a shopping center parking lot, and paid him $1,200.00 cash for the guns. When recovered the guns were wrapped in bedding which was also taken in the burglary, and Capps claimed that they were so wrapped when he bought them. Capps admitted going to Nashville to try to dispose of the guns. He claimed to have taken them from Chattanooga back to Roane County, to have borrowed Birmley's car for the Nashville trip, and to have invited Sexton along for the ride. In other words, Capps defense was that he had innocently purchased the stolen guns. He admitted possessing them, but attempted to explain that possession.

Birmley's story was that he knew that Capps had the guns, and that he helped to load them into the trunk of his car, but that he had no knowledge that they were stolen.

Sexton denied even knowing that the guns were in the car. This was quite incredible, since at the time of the arrest the car was parked at a telephone booth on a large business parking lot, where the men were awaiting further contact by a prospective buyer of the guns. The jury undoubtedly concluded that if Sexton rode from Roane County to Nashville with the other two men, who admittedly were there for Capps to try to sell the guns, he had to know what was going on.

The burglary involved entry forced by an instrument like a medium sized screw driver. A quantity of such tools was found under the front seat of Birmley's car. A dress taken in the burglary was upon the rear seat, a bedspread and sheets likewise taken were in the trunk with the guns, as were certain plastic trash bags and laundry bags. Despite Birmley's initial denial that he had ever been upon the burglarized premises, it was proven that he had worked for an exterminator and had in fact signed an inspection sheet upon that very house dated October 4, 1971.

█ It is obvious that these men were in the joint possession of this stolen property. Capps and Birmley admit their possession, but attempt to give it an innocent cast. When one considers that these guns were very fine guns, many of them collector's items, and that they were simply thrown together and wrapped in bedding, plastic trash bags and laundry bags, the admissions by Capps and Birmley of the loading of the guns into the car to take to Nashville to sell completely destroys the claim of innocence. The jury was justified in also finding Sexton to be involved. A dress taken in the burglary was upon the rear seat where he was riding. His story that he didn't even know about the guns was justifiably found by the jury to be un-

believable, in the context of what Capps himself testified. Their first stop in Nashvile was a restaurant, at which Capps telephoned his contact, and was told to go to the telephone booth on the parking lot and wait. Common sense dictates that Sexton, a friend of Capps and Birmley for years, and with them late at night many miles from their home, knew about the guns. His claim to the contrary was rejected by the jury. This Court, in the case of Peters and Lee v. State, 521 S.W.2d 233, filed in Knoxville September 16, 1974, dealing with a drug possession case in which the contraband was found in a vehicle and in which Peters and Lee sought to lay the possession solely upon the third occupant, said:

"* * * Their contention was that Palmer was in possession of the drug and that they had no knowledge of the presence of heroin in the van and that therefore [sic] could not be attributed to them. * * * The facts sufficiently support the inference that all those inhabitants of the van were in control of the drugs. These three had been together earlier in the day on a trip to Oak Ridge. They had met girls there and had gone to an apartment with them. The three were returning together a second time to Oak Ridge when the officer received the call from his female informant. Thus, the jury could and did conclude from this circumstantial evidence as to possession or control, that these two defendants were on a joint adventure and were in control of the drugs when the officer stopped them. * * *"

We hold that the circumstances of this case support the conclusion arrived at by the jury that all three of the plaintiffs-in-error were in the joint possession of the stolen guns.

█ Possession of property very recently stolen in a burglary, together with possession of tools which could have been used in the burglary, with evidence that Birmley had knowledge of the burglarized premises, when considered with the fact

that they were engaged in a patently clandestine attempt to sell the fruits of the burglary the day after it occurred is legally sufficient evidence to support these convictions, in the light of the jury's rejection of the explanations. Cooke v. State, 3 Tenn. Cr.App. 533, 464 S.W.2d 324 (1970). In the unreported case of Albert Adams and Bill Hubbard v. State, filed at Knoxville, certiorari denied March 2, 1970, the question presented was the sufficiency of evidence of unexplained possession of recently stolen property taken in a burglary to support a conviction for that burglary. We held that that evidence, together with the other circumstantial evidence of guilt, was sufficient to support the burglary conviction. Guilt of burglary may be shown by circumstantial evidence. Bollin v. State, Tenn.Cr.App., 486 S.W.2d 293 (1972).

The first assignment of error is that the trial court erred in overruling a motion for dismissal of the burglary charge at the close of the State's proof. For the foregoing reasons the assignment is overruled. The third assignment of error is simply a restatement of the first. The fourth contends that the verdict is contrary to the law and weight of the evidence. All these assignments are overruled.

The remaining assignment asserts that the trial court erred "in failing to suppress the evidence seized by the federal officers without the authority of a valid search warrant, without consent of the owner of the automobile, or without being the incident of a lawful arrest." When this assignment is put into context it is clearly without merit. When the arresting officers testified as to the auto search and the arrests absolutely no objection was made to the introduction into evidence of the stolen guns, bedclothing, etc. The full picture of probable cause, etc., was not presented because no issue was ever raised. Then, after all of the State's proof was in, a motion was made (along with several others) to "suppress" this evidence. Obviously, a motion to suppress should have come before the proof was introduced. The movant should be prepared to and present the necessary proof in support of the motion. Here, after the evidence was in without objection, and with no issue having been raised as to the legality of the search so as to give the State an opportunity to present the whole picture, the plaintiffs-in-error simply made a motion to "suppress" this evidence based upon what they conceived to be the illegalities of the search which alleged illegalities got into the record without the issue having been raised. While it is possible to strike evidence illegally introduced after the fact of introduction, it is hardly possible to suppress it at that time. Certainly the trial court cannot be said to have erred, absent a clear showing that the evidence was illegally obtained. The search was made by federal officers who apparently had excellent information that sawed-off shotguns were being transported in the subject car. It could be argued that they had probable cause to search and exigent circumstances to justify their not first getting a warrant; or that the search was in fact incident to the arrests. Certainly it can be said that under the procedures which plaintiffs-in-error chose to follow the State was never called upon nor given the opportunity to justify the legality of the search. Its clear illegality not appearing, we overrule the assignment.

A further reason for this ruling is that all three defendants took the stand and testified about the guns. Capps claimed to have purchased them, Birmley admitted having loaded them, and Sexton denied any pre-search knowledge of them. Under the authority of Lester v. State, 216 Tenn. 615, 393 S.W.2d 288 (1965), they could not be heard to complain about the State's having introduced this same proof.

The convictions are affirmed.

OLIVER, J., concurs.

OLIVER, Judge (concurring).

It is always competent to show that the defendant had possession of property recently stolen from the premises he is charged with burglarizing, and such possession is evidence which may be considered, along with all the other facts and circumstances in proof, as bearing on the question whether the defendant committed the burglary. An inference of guilt is permissible from the possession of property recently stolen in a burglary, and the inference exists both as to the burglary and the stealing. Pruitt v. State, 3 Tenn.Cr. App. 256, 460 S.W.2d 385 and authorities therein cited; Wyatt v. State, 4 Tenn.Cr. App. 1, 467 S.W.2d 811.

GALBREATH, Judge (dissenting).

The evidence presented in this case is adequately detailed by Judge Russell's majority opinion. I cannot agree, however, that this evidence is sufficient to sustain a conviction of these defendants for burglary. Defendants admit that the law in Tennessee allows a conviction for larceny upon a showing of unexplained possession of recently stolen property. While this presumption has been expanded in recent years by our Supreme Court (see Tackett v. State, 223 Tenn. 176, 443 S.W.2d 450), such proof has not been held previously to provide the basis for a burglary conviction. A discussion of this point is found in the old (1903) case decided by the Supreme Court of Iowa, State v. Brady, which to me retains its logic and justness today:

1. As to the effect to be given in prosecutions for burglary to proof of possession of goods stolen in connection with the breaking and entering, the authorities are not entirely in harmony. There are decisions holding without qualification that the fact of possession of property recently stolen under such circumstances has no tendency to prove the possessor's guilt of burglary. People

v. Gordon, 40 Mich. 716. On the other hand, cases may be found to the effect that such fact alone creates a sufficient presumption of guilt to justify a conviction. Knickerbocker v. People, 43 N.Y. 177. Our own cases have gone to neither extreme, and are, we think, in harmony with the weight of authority. As laid down in State v. Rivers, 68 Iowa [611], 616, 27 N.W. 781, the rule approved by this court is that: "The possession of property which has been stolen from a building which had been broken and entered is not alone prima facie evidence that the one having it is guilty of burglary. Such possession unexplained does raise a presumption that the party is guilty of larceny, but it does not follow that both crimes were committed by the same party. The one who committed the larceny may have found the building open after the burglary was committed, and may have entered and stolen the goods without having been concerned in the breaking. It is obvious, therefore, that the mere possession of the stolen goods does not have the same tendency to connect him with the burglary which it does with the larceny." To the same effect, see State v. Reid, 20 Iowa, 413; State v. Shaffer, 59 Iowa, 290, 13 N.W. 306; State v. Tilton, 63 Iowa, 117, 18 N.W. 716.

State v. Brady, 121 Iowa 561, 97 N.W. 62.

The Trial judge correctly instructed in this case:

Now the offense of possession of stolen property in burglary. The mere fact that a person is in conscious possession of recently stolen property is not enough to justify a conviction of burglary. It is however a circumstance to be considered in connection with other evidence. To warrant finding them guilty there must be proof of other circumstances tending of themselves to establish guilt.

Bill of Exceptions, Vol. III, Page 218.

The only evidence presented other than the possession of the stolen property which could possibly tend to show guilt of the breakin itself was the presence of tools in the car. The fact that tools were found in the car which *could* have been used to force entry into the burglarized home is not to me sufficient to add to the possession of the stolen goods to support a conviction for the actual breakin.

Further difficulty is encountered in these convictions, particularly that of Sexton, in that the possession of the property shown to be recently stolen was not personal and exclusive. As in Morelock v. State, 187 Tenn. 478, 216 S.W.2d 5, . . . "to warrant an inference of guilt it must further appear that the possession was personal, and that it involved a distinct and conscious assertion of possession by the accused."

As was succinctly noted by the Supreme Court of Illinois in People v. Urban:

. . . [I]t must be made to appear that the defendant's possession of the stolen property was not only recent but that it was exclusive and as is said in People v. Mulvaney, 286 Ill. 114, 121 N.E. 229, 230, "it must be personal, exclusive and with a distinct implied or express assertion of ownership. A mere constructive possession is not enough."

People v. Urban, 381 Ill. 64, 44 N.E.2d 888.

Capps admitted possession of the guns, claiming he had bought them in Chattanooga, Birmley admitted knowledge of the guns in the car, but Sexton denied even knowledge of their presence. In this context Capps alone was shown to be in possession.

I would reverse the burglary convictions.