Alvin Gene SCHWARTZ

v.

**Jerry PITTS, Sheriff of Hamilton County, Tennessee.**

Civ. No. 1–76–184.

United States District Court,
E. D. Tennessee, S. D.

Feb. 15, 1977.

---

Jerry H. Summers, Chattanooga, Tenn., for petitioner.

David L. Raybin, Asst. Atty. Gen., Brooks McLemore, Atty. Gen., Nashville Tenn., for respondent.

### MEMORANDUM

FRANK W. WILSON, Chief Judge.

This action is upon a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitioner seeks to have his criminal conviction set aside, alleging that numerous constitutional errors were committed in the course of his trial. The petitioner was tried and convicted of second degree murder in "*State of Tennessee v. Alvin Gene Schwartz*," Docket # 127494 in the Criminal Court of Hamilton County, Tennessee. Upon conviction the petitioner was sentenced to the Tennessee State Penitentiary and is presently confined in the Hamilton County Jail. The petitioner has exhausted his state court remedies, his conviction having been affirmed by the Tennessee Court of Criminal Appeals and certiorari having been denied by the Tennessee Supreme Court. The case is presently before the Court upon the petition for habeas corpus supported by brief, the respondent's answer and motion for summary judgment, the full trial transcript in the criminal trial, and the opinion of the Tennessee Court of Criminal Appeals affirming the petitioner's conviction. It appears that this record is adequate for decision of the issues presented without further evidentiary proceedings.

The petitioner alleges (1) that women were systematically excluded from the grand jury which indicted him due to T.C.A. § 22–101 which allows women to exempt themselves from jury services; (2) that his written confession was erroneously admitted into evidence, it having been obtained in violation of his Fifth, Sixth, and Fourteenth Amendment rights; (3) that certain physical evidence obtained as a result of the written confession was erroneously admitted and should have been excluded as "fruits of the poisonous tree"; (4) that police officers were erroneously allowed to testify that petitioner requested counsel after being advised of his right to remain silent and of his right to counsel; and (5) that Tennessee's "Lester Rule" is unconstitutional and the threat of its application worked to deny to petitioner the right to take the stand in his own defense.

In an opinion of March 8, 1976, which opinion is a part of the record in this case and to which reference is here made, the

Tennessee Court of Criminal Appeals addressed itself to each of the foregoing allegations. This Court is in agreement with the opinion of the Tennessee Court of Criminal Appeals as regarding the following propositions:

■ (1) That the trial record in this case fails to establish either as a matter of fact that women were systematically excluded from the grand jury that indicted the petitioner or that the statutes relating to the selection of women jurors were as a matter of law unconstitutional. As a matter of fact, women served upon the grand jury that indicted the petitioner. As a matter of law, while the state statute here specifically under attack (T.C.A. § 22–101) purported to grant women the option to request excuse from jury service after having been summonsed for that service, T.C.A., § 22–108 placed the ultimate responsibility in the presiding judge for granting or denying such requests. Thus these statutes, when read in conjunction with each other, did not mandate a system of grand jury selection that would result in the systematic exclusion of women from the grand jury as contended by the petitioner. It should be further noted that the indictment here questioned was returned in 1974, a date prior to the decision of the United States Supreme Court in the case of *Taylor v. Louisiana*, 419 U.S. 522, 42 L.Ed.2d 690, 95 S.Ct. 692 (1975) wherein the systematic exclusion of women from jury service was first held to be unconstitutional. It should likewise be noted that the *Taylor* decision was specifically held not to be retroactive in its application. *Daniel v. Louisiana*, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975).

■ (2) That the petitioner's confession was made knowingly, voluntarily, and free of any coercion or any violation of the petitioner's rights as laid down in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 964 (1966). Its admission by the trial court accordingly was without error, this Court having arrived at this conclusion after reviewing the evidentiary record made in the state trial court and having found such record to reflect a full and fair hearing upon the issue, eliminating the need for any further evidentiary hearing in this regard.

■ (3) That since the confession was voluntarily given after adequate advice unto the defendant of his rights and was therefore properly admissible, any evidence obtained as a result of the confession was likewise admissible.

■ (4) That any error in the admission of testimony concerning the petitioner's request for counsel at one point in the course of his interrogation was at most harmless error beyond any reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The petitioner's fifth allegation is that he was inhibited from testifying in his own behalf by the prospect that the "Lester Rule" might be invoked against him. This rule, as stated in *Lester v. State*, 216 Tenn. 615, 624, 393 S.W.2d 288, 292 (1965), is that:

"   .   .   .   If a defendant testifies in substance as to evidence which has been otherwise erroneously admitted, then his testimony clears whatever error there might have been."

Before further consideration of the petitioner's attack upon the above-cited rule in the *Lester* case, it is appropriate to note the proceedings in the state criminal trial here involved as they relate to the issue now under consideration. The record in this regard reflects that the petitioner duly objected in the criminal trial to the admission of his confession, contending that the confession had been taken in violation of his rights under *Miranda v. Arizona, supra,* and, more specifically, in violation of his right to the advice and assistance of legal counsel. After an appropriate evidentiary hearing, the state trial judge overruled the petitioner's objections and admitted the confession. Thereupon and at the close of the state's proof, petitioner's counsel moved the trial court to declare the so-called "Lester Rule" unconstitutional, contending that it prevented him from putting the petitioner upon the witness stand to testify in his own defense, it being defense counsel's opinion that if he did so it would have the

effect, under the rule laid down in the *Lester* case, of waiving the petitioner's prior objection to the admissibility of the confession. The trial court declined to declare the rule unconstitutional and the petitioner, upon advice of counsel, thereupon elected not to testify.

Following a guilty verdict, the petitioner appealed, citing as error both the action of the trial court in admitting the confession and the action of the trial court in refusing to declare the rule laid down in the *Lester* case unconstitutional. As previously noted, the Tennessee Court of Criminal Appeals in its opinion considered and denied the petitioner's contentions, both with respect to the inadmissibility of the confession and with respect to the unconstitutionality of the rule laid down in the *Lester* case.

In response to the petitioner's attack upon the rule laid down in the *Lester* case, the respondent herein not only defends the rule as being constitutional, but also contends that since the petitioner did not testify in the criminal trial the rule in the *Lester* case never came into play. The petitioner contends, however, that even though he did not testify the rule nevertheless had an impermissible chilling effect upon his right to the advice and assistance of counsel and upon his right to testify in his own behalf.

■ This Court is of the opinion that the petitioner's contention regarding the unconstitutionality of the rule laid down in the *Lester* case, at least as that rule is applicable to the facts and circumstances of this case, is without merit. The rule here complained of, and as applicable to the facts of this case, simply states that where a defendant in a criminal trial takes the witness stand and testifies in accord with a previously admitted confession, he cannot thereafter complain that the confession was improperly admitted. When viewed in this light, the rule laid down in the *Lester* case is in accord with reason and common sense. It is only reasonable that a defendant should not be permitted to complain upon appeal of the admission of a confession that was "in substance" the same as the testimony given voluntarily by the defendant in the trial. No denial of the right to testify, the right to the assistance of counsel, or the right to due process exists in such a rule. Nor does such a rule impose an impermissible "chilling" effect upon such rights.

It is only fair to state that the real thrust of the petitioner's complaint in this lawsuit is not so much to the rule as stated in the *Lester* case, but rather is directed toward the interpretation and application of that rule both in the *Lester* case and in other Tennessee appellate court cases. A review of the Tennessee cases applying the so-called "*Lester* Rule" appears to reveal an impreciseness, if not in fact inconsistencies, in the application of the rule to varying facts and circumstances, particularly as between cases involving confessions and cases involving search and seizure evidence.[1] However, such a review of the Tennessee cases will likewise reveal that a distinction must be made between the manner in which the rule is stated and applied in case involving erroneously received confessions and cases involving erroneously received search and seizure evidence.

While the application of the "Lester Rule" may be subject to criticism in the Tennessee cases involving search and seizure evidence, this Court has been unable to

1. *Sullins v. State*, 448 S.W.2d 96 (Tenn.Cr.App., 1969) and *Braziel v. State*, 529 S.W.2d 501 (Tenn.Cr.App., 1975) appear to hold that the defendant must admit the controverted facts before the rule has application. On the other hand, *Sneed v. State*, 498 S.W.2d 626 (Tenn.Cr. App., 1973) and *Capps v. State*, 523 S.W.2d 213 (Tenn.Cr.App., 1974) appear to hold that the giving of *any* testimony by the defendant is sufficient to invoke the rule. It should be noted that the two cases first cited involve confession evidence and the two cases last cited involve search and seizure evidence. These inconsistencies appear to form the basis for rather strong criticism being directed by some of the Tennessee lower courts toward the rule generally, the criticisms not distinguishing between the rule as interpreted and applied in different cases. Likewise, the criticisms make no distinction between the manner in which the rule has been applied in confession cases on the one hand and in search and seizure cases on the other hand.

find any instance of a Tennessee case involving erroneously admitted evidence of a confession in which the rule has been stated or applied in a manner different from that as hereinabove stated and approved by this Court. Since the case presently before the Court involved evidence of a confession alleged to have been erroneously admitted, the only appropriate issue before the Court is as to the constitutionality of the "Lester Rule" as stated and applied in the Tennessee confession cases.

In conclusion, it should be noted that in the cases of *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) and *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975), the United States Supreme Court has held that evidence otherwise inadmissible as having been taken in violation of the rule laid down in *Miranda v. Arizona, supra*, may nevertheless be used for purposes of impeachment in the cross examination of a defendant who elects to take the witness stand and testify. Accordingly the possibility of being thus cross examined with otherwise inadmissible evidence imposes no constitutionally impermissible election upon the defendant, nor does it constitute a constitutionally impermissible chilling effect upon the defendant's right to testify or his right to effective assistance of counsel. If such use of an otherwise inadmissible confession is constitutionally permissible, there could be no basis in law or reason for holding unconstitutional a rule that renders harmless any error in admitting a confession that is later affirmed as true by a defendant who elects to take the witness stand and so testify. Rather, such a rule would appear to be in full harmony with the "harmless [error] beyond a reasonable doubt" rule as laid down in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

An order will accordingly enter denying habeas corpus relief and dismissing this lawsuit.